# MATTER OF RUIZ

## In Exclusion Proceedings

### A-27719773

*Decided by Board July 13, 1989*

(1) Following an in absentia hearing, the underlying relief being sought by way of a motion to reopen is the opportunity to present the applications for relief at a full evidentiary hearing.

(2) Where an alien establishes reasonable cause for his failure to appear at his exclusion hearing, a motion to reopen the proceedings following an in absentia hearing will be granted without requiring that the alien establish prima facie eligibility for asylum or withholding of exclusion and deportation.

EXCLUDABLE: Act of 1952—Sec. 212(a)(20) [8 U.S.C. § 1182(a)(20)]—No valid immigrant visa

ON BEHALF OF APPLICANT:
Salomon Lucki, Esquire
1996 S.W. First Street
Miami, Florida 33135

ON BEHALF OF SERVICE:
Kenneth S. Hurewitz
General Attorney

BY: Milhollan, Chairman; Dunne, Morris, Vacca, and Heilman, Board Members

In a decision dated September 15, 1987, an immigration judge found the applicant excludable under section 212(a)(20) of the Immigration and Nationality Act, 8 U.S.C. § 1182(a)(20) (1982), as an alien with no valid immigrant visa, denied his applications for asylum and withholding of exclusion and deportation for lack of prosecution, and ordered the applicant excluded and deported from the United States. The decision was rendered following a hearing held in absentia due to the applicant's failure to appear. The applicant subsequently filed a motion to reopen the exclusion proceedings. The immigration judge denied the motion to reopen in a decision dated December 9, 1987. The applicant has appealed from the denial of the motion to reopen. As it is unclear whether the appeal was timely filed, the Board will review this case on certification pursuant to 8 C.F.R. § 3.1(c) (1988). The decision of the immigration judge will be reversed and the record will be remanded. The request for oral argument is denied.

The applicant initially appeared at an exclusion hearing on Septem-

ber 10, 1986. At that time, the proceedings were continued in order to allow the applicant to submit an asylum application, with a hearing on the merits of the application ultimately scheduled for September 14, 1987. The applicant failed to appear for the scheduled hearing. In denying the motion to reopen, the immigration judge found, on the basis of a physician's letter submitted with the motion, that the respondent had been unable to attend the scheduled hearing due to illness and had established a "valid excuse" for his failure to appear for the hearing. However, the immigration judge denied the motion to reopen the exclusion proceedings on the basis that the applicant had not established prima facie eligibility for asylum or withholding of exclusion and deportation under sections 208(a) and 243(h) of the Act, respectively, 8 U.S.C. §§ 1158(a) and 1253(h) (1982).

The immigration judge erred in requiring the applicant to establish prima facie eligibility for asylum or withholding of exclusion and deportation in order for the motion to be granted, where the motion was filed in response to a decision by the immigration judge following a hearing held in absentia. A motion to reopen may be denied on the basis that the applicant has not established a prima facie case for the underlying substantive relief sought. See INS v. Abudu, 484 U.S. 94 (1988). But in the context of a prior in absentia hearing, the underlying relief being sought by way of the motion to reopen is the opportunity to present the applications for relief at a full evidentiary hearing. The right to such a hearing for purposes of determining excludability and presenting any applications for relief from exclusion is provided by statute and regulation. See section 236(a) of the Act, 8 U.S.C. § 1226(a) (1982); 8 C.F.R. § 236.2 (1988).

When an applicant for admission has notice of his exclusion hearing and fails to appear, the immigration judge may, in his discretion, find that the applicant has failed to establish his admissibility and has abandoned any application for asylum and may further order the applicant excluded and deported. Matter of Nafi, 19 I&N Dec. 430 (BIA 1987). Where an immigration judge conducts an exclusion hearing in absentia, the alien can move to have the immigration judge reopen the proceedings when the cause of the alien's failure to appear relates to facts not before the immigration judge at the time of his decision. Matter of Haim, 19 I&N Dec. 641 (BIA 1988).

A party seeking to reopen exclusion or deportation proceedings must state the new facts he intends to establish, supported by affidavits or other evidentiary material. 8 C.F.R. § 103.5 (1988); INS v. Wang, 450 U.S. 139 (1981); Matter of Leon-Orosco and Rodriguez-Colas, 19 I&N Dec. 136 (BIA 1983; A.G. 1984); Matter of Reyes, 18 I&N Dec. 249 (BIA 1982). When the basis for a motion to reopen is that the immigration judge held an in absentia hearing, the alien must establish

that he has reasonable cause for his absence from the proceedings. Section 242(b) of the Act, 8 U.S.C. § 1252(b) (1982) (deportation proceedings); *Matter of Haim, supra; Matter of Nafi, supra; Matter of Patel,* 19 I&N Dec. 260 (BIA 1985), *aff'd,* 803 F.2d 804 (5th Cir. 1986); *Matter of Marallag,* 13 I&N Dec. 775 (BIA 1971). If the alien has reasonable cause for his failure to appear, the motion will be granted; if he does not, the motion will be denied. *Matter of Haim, supra.* Once reasonable cause has been established, the applicant retains his statutory right to an opportunity to present his asylum claim at a hearing. To require him to establish prima facie eligibility for asylum in conjunction with his motion to reopen, before he is given the opportunity to a hearing on his asylum claim, would violate his statutory right to such a hearing.

Here, the immigration judge, in finding that the applicant had a "valid excuse" for not appearing at his exclusion hearing, determined that the applicant had reasonable cause for his failure to appear. Therefore, he erred in denying the motion to reopen. Accordingly, the decision of the immigration judge will be reversed, and the record will be remanded to afford the applicant a full evidentiary hearing on the merits of his applications for asylum and withholding of exclusion and deportation.

**ORDER:** The decision of the immigration judge is reversed.

**FURTHER ORDER:** The motion to reopen proceedings is granted, and the record is remanded to the immigration judge for further proceedings consistent with the foregoing opinion and for the entry of a new decision.