09-1235-ag
Zheng v. Holder

BIA
Ferris, IJ
A073 488 657

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1.  IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)."  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/).  IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 24th day of November, two thousand nine.

PRESENT:
>      JON O. NEWMAN,
>      ROBERT A. KATZMANN,
>      GERARD E. LYNCH,
>           *Circuit Judges.*

_____

XIU ZHEN ZHENG,
>      *Petitioner*,

>      v.                                      09-1235-ag
>                                              NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL, BUREAU OF CITIZENSHIP
AND IMMIGRATION SERVICES,
>      *Respondents*.

_____

FOR PETITIONER:          John Chang, New York, N.Y.

FOR RESPONDENTS:         Tony West, Assistant Attorney
                         General, Civil Division, Francis W.
                         Fraser, Senior Litigation Counsel,
                         Susan Houser, Senior Litigation
                         Counsel, Office of Immigration
                         Litigation, U.S. Department of
                         Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Xiu Zhen Zheng, a native and citizen of China, seeks review of the March 16, 2009 order of the BIA affirming the January 2, 2008 decision of Immigration Judge ("IJ") Noel A. Ferris denying her motion to reopen her exclusion proceedings. *Matter of Xiu Zhen Zheng*, No. A073 488 657 (B.I.A. Mar. 16, 2009), *aff'g* No. A073 488 657 (Immig. Ct. N.Y. City Jan. 2, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review the BIA's

2

denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam).

As an initial matter, motions to reopen *in absentia* orders are governed by different rules depending on whether the movant seeks to rescind the order or present new evidence. *See Song Jin Wu v. INS*, 436 F.3d 157, 163 (2d Cir. 2006); *In re M-S-,* 22 I. & N. Dec. 349, 353-55 (BIA 1998) (en banc). Accordingly, where, as here, an alien files a motion that seeks both rescission of an *in absentia* deportation order, as well as reopening of exclusion proceedings based on new evidence, the Court treats the motion as comprising two distinct motions to rescind and to reopen. *Alrefae v. Chertoff*, 471 F.3d 353, 357 (2d Cir. 2006); *see also Maghradze v. Gonzales*, 462 F.3d 150, 152 n.1 (2d Cir. 2006).  We address each motion in turn.

## I.  Motion to Rescind

When an IJ orders an alien excluded *in absentia*, there is no time limit on filing a motion to reopen if the alien demonstrates "reasonable cause" for her failure to appear. *See* 8 C.F.R. § 1003.23(b)(4)(iii)(B) (providing that, "[a] motion to reopen exclusion hearings on the basis that the [IJ] improperly entered an order of exclusion *in absentia*

must be supported by evidence that the alien had reasonable cause for [her] failure to appear"); *Matter of N-B-*, 22 I & N Dec. 590 (BIA 1999); *Matter of Ruiz*, 20 I & N Dec. 91, 92-93 (BIA 1989).

The BIA did not err in finding that Zheng failed to demonstrate "reasonable cause" for her failure to appear at her April 1995 merits hearing. *See* 8 C.F.R. § 1003.23(b)(4)(iii)(B). As the BIA noted, Zheng's explanation was that she was advised not to appear by her attorney because she was likely to lose her case and be detained, if not deported. The BIA found this explanation "insufficient to excuse her absence." In her brief, Zheng argues that the advice she relied on in 1995 is "on its face ineffective assistance of counsel." Though we recognize that aliens may not lightly disregard the advice of counsel, *see Aris v. Mukasey*, 517 F.3d 595, 600 (2d Cir. 2008) (noting that aliens are often "unfamiliar with our language and culture" and therefore holding that "misadvice [from an attorney] may constitute ineffective assistance of counsel"), we are unable to find an abuse of discretion in the agency's refusal to accept this explanation as "reasonable cause" for a failure to appear, particularly

4

because Zheng was informed of the consequences.  Indeed, crediting Zheng's explanation would have the perverse effect of encouraging aliens to avoid agency proceedings at which they are likely to lose, only to return when their prospects are better.  *See Wei Guang Wang v. BIA*, 437 F.3d 270, 273-74 (2d Cir. 2006).

## II.  Motion to Reopen

The BIA also did not abuse its discretion in denying Zheng's motion to reopen.  The regulations provide that "a party may file only one motion to reopen deportation or exclusion proceedings . . . and that motion must be filed no later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened, or on or before September 30, 1996, whichever is later."  8 C.F.R. § 1003.2(c)(2).  Indisputably, Zheng's October 2007 motion was untimely because she filed it more than twelve years after the IJ's April 1995 *in absentia* order.  However, the time limitation does not apply when the alien can establish materially "changed circumstances arising in the country of nationality."  8 C.F.R. § 1003.2(c)(3)(ii).  When the BIA considers relevant evidence of country conditions in

5

evaluating a motion to reopen, we review the BIA's factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008).

Despite Zheng's arguments, we are not compelled to conclude that the agency ignored the evidence she submitted. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 336 n.17 (2d Cir. 2006) ("[W]e presume that [the agency] has taken into account all of the evidence before [it] unless the record compellingly suggests otherwise."). Nor do we find that the BIA erred in declining to credit that evidence, which included a "Notice" allegedly from a county family planning office and an unauthenticated letter from a family member. *See Jian Hui Shao*, 546 F.3d at 165 (concluding that "unattributed reports" did not, by themselves, persuasively demonstrate a reasonable possibility that petitioner would face future persecution); *Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 149 (2d Cir. 2007) (addressing a similar "Village Notice," and holding that "the BIA did not abuse its discretion in declining to consider a document-questionable on its face, supported only by a spouse's affidavit, and not authenticated pursuant to regulation-that attempts to establish the sweeping

6

proposition that subsequent to the date of the petitioner's entry into the country and application for asylum, country conditions had undergone a material adverse change sufficient to affect his petition for asylum").

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

By:_____

7