09-2148-ag
Chen v. Holder

BIA
A070 897 027

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 18ᵗʰ day of February, two thousand ten.

PRESENT:
> ROBERT D. SACK,
> REENA RAGGI,
> GERARD E. LYNCH,
> *Circuit Judges*.

_____

SHU MEI CHEN,
> *Petitioner*,

v.                                              09-2148-ag

                                                NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent*.

_____

FOR PETITIONER:        Yung H. Hsu, New York, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General, Jennifer J. Keeney, Senior
                       Litigation Counsel, Judith R.
                       O'Sullivan, Trial Attorney, Office
                       of Immigration Litigation, Civil
                       Division, United States Department
                       of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Shu Mei Chen, a native and citizen of the People's Republic of China, seeks review of the April 23, 2009, order of the BIA denying her motion to reopen. *In re Shu Mei Chen*, No. A 070 897 027 (B.I.A. Apr. 23, 2009). We assume the parties' familiarity with the underlying facts and procedural history of the case.

The BIA did not abuse its discretion in denying Chen's untimely motion to reopen proceedings that resulted in an order of deportation entered when she failed to appear at her March 1998 merits hearing. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006).

Motions to reopen *in absentia* orders are governed by different rules depending on whether the movant seeks to rescind the order or present new evidence. *See Song Jin Wu v. INS,* 436 F.3d 157, 163 (2d Cir. 2006); *In re M-S-,* 22 I. & N. Dec. 349, 353-55 (BIA 1998) (en banc). Accordingly, when, as here, an alien files a motion that seeks both rescission of an *in absentia* deportation order, as well as

2

reopening of deportation proceedings based on new evidence, we treat the motion as comprising distinct motions to rescind and to reopen. *Alrefae v. Chertoff,* 471 F.3d 353, 357 (2d Cir. 2006); *see also Maghradze v. Gonzales,* 462 F.3d 150, 152 n.1 (2d Cir. 2006). We address each motion in turn.

**I. Motion to Rescind**

When an IJ orders an alien deported *in absentia*, there is no time limit on filing a motion to reopen if the alien can establish that he had reasonable cause for his failure to appear. *Matter of N-B-,* 22 I. & N. Dec. 590 (BIA 1999) (en banc); *Matter of Ruiz*, 20 I. & N. Dec. 91, 92-93 (BIA 1989). "A motion to reopen exclusion hearings on the basis that the [IJ] improperly entered an order of exclusion *in absentia* must be supported by evidence that the alien had reasonable cause for his failure to appear." *See* 8 C.F.R. § 1003.23(b)(4)(iii)(B). Here, however, the BIA correctly found that Chen failed to demonstrate "reasonable cause." Chen argues that she failed to appear because the travel agency she was working with did not inform her of the hearing date. However, the BIA found that she was personally served with notice of the hearing. Moreover, the

3

BIA rejected Chen's argument on the additional ground that, in blaming her failure to appear on ineffective assistance from her advisors, she failed to comply with the *Lozada* requirements. *See Chupina v. Holder*, 570 F.3d 99, 101-02 (2d Cir. 2009) (discussing the requirements set forth in *Matter of Lozada*, 19 I. & N Dec. 637, 639 (BIA 1988)). Chen fails to address either of these dispositive findings, which are well supported in the record. This failure is fatal to her challenge to the BIA's denial of her motion to rescind. *See* 8 U.S.C. § 1229a(b)(5)(C); 8 C.F.R. § 1003.23(b)(4)(ii); *Matter of Lozada*, 19 I. & N. Dec. at 639.

**II. Motion to Reopen**

Nor did the BIA abuse its discretion in denying Chen's motion construed as a motion to reopen. The regulations provide that "a party may file only one motion to reopen deportation or exclusion proceedings . . . and that motion must be filed no later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened, or on or before September 30, 1996, whichever is later." 8 C.F.R. § 1003.2(c)(2). Chen's March 2009 motion was indisputably untimely because she filed it more than a decade after the IJ's March 1998 *in*

4

*absentia* order.  However, the time limitation does not apply when the alien can establish materially "changed circumstances arising in the country of nationality."  8 C.F.R. § 1003.2(c)(3)(ii).

Here, although Chen asserted in her motion that she was eligible for asylum, the BIA correctly denied her motion because she made no argument that country conditions in China had changed.  Before this Court, Chen waives any challenge to the BIA's denial of her motion for this reason.  *See Yueqing Zhang v. Gonzalez*, 426 F.3d 540, 542 n.1, 546 n.7 (2d Cir. 2008).  Accordingly, we have no reason to disturb the BIA's April 2009 order.

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk