# United States Court of Appeals
## For the Eighth Circuit

_____

No. 20-1117
_____

Komlanvi Mawunyo Avitso

*Petitioner*

v.

William P. Barr, Attorney General of United States

*Respondent*
_____

Petition for Review of an Order of the
Board of Immigration Appeals
_____

Submitted: August 25, 2020
Filed: September 22, 2020
_____

Before LOKEN, GRUENDER, and KELLY, Circuit Judges.
_____

LOKEN, Circuit Judge.

Komlanvi Mawunyo Avitso, a native and citizen of Togo, petitions for review of an order of the Board of Immigration Appeals ("BIA") upholding the Immigration Judge's ("IJ") denial of a motion to reopen an order removing Avitso *in absentia*. See 8 U.S.C. § 1229a(b)(5). We deny the petition.

# I. Background.

Avitso entered the United States as a student in 2004 and married a United States citizen in 2006. In August and September 2011, following a lengthy investigation, U.S. Citizenship and Immigration Services ("USCIS") denied a Form I-130 Petition for Alien Relative filed by Avitso's wife on his behalf, and a Form I-485 application for adjustment of status filed by Avitso, after concluding they had entered into a fraudulent marriage to procure immigration benefits. These decisions made Avitso removable. See 8 U.S.C. §§ 1182(a)(6)(C)(i), 1227(a)(1)(A); Abuya v. Sessions, 873 F.3d 650, 652 (8th Cir. 2017). On September 27, the Department of Homeland Security ("DHS") mailed Avitso a Notice to Appear ("NTA"), the document that commences removal proceedings, alleging that he had procured a benefit by marriage fraud. The NTA was mailed to Avitso at the address where USCIS investigators had been told he resided until December 2010.

On June 1, 2012, DHS mailed an identical NTA to a different address, the home address for Avitso USCIS recorded that day on a Form I-213, Record of Deportable/Inadmissible Alien. USCIS investigators had been told Avitso resided at this address in March and June 2011. The immigration court mailed a Notice of Hearing ("NOH") to the same address on June 5. The notice was returned, marked "moved left no address," "unable to forward," "return to sender." The court mailed a second NOH to that address on September 10, adding "NE" to the address and rescheduling the hearing for January 15, 2013. That mailing was also returned as undeliverable. Avitso failed to appear for the hearing. The IJ found him removable as charged and entered the *in absentia* removal order. See 8 U.S.C. § 1229a(b)(5)(A).

On February 14, 2019, now remarried and represented by new counsel, Avitso filed the motion to reopen at issue, alleging that he "did not personally receive the [October 2011 NTA] but a copy was forwarded to him by his then immigration attorney." The motion was captioned, "Respondent's Motion to Reopen Based on

*Lozada* Ineffective Assistance of Counsel & *Pereira*."[1] Avitso argued the *in absentia* removal order should be rescinded and his removal proceedings reopened because his failure to appear at the January 2013 hearing was caused by the ineffective assistance of his former attorney, warranting relief under Matter of Lozada, 19 I. & N. Dec. 637 (BIA 1988).

The IJ denied the motion to reopen on March 28, 2019, concluding (i) Avitso failed to prove a claim under Lozada because he did not comply with two of Lozada's strict requirements, namely, "there is no evidence that any complaint has been filed [with the Nebraska Bar Commission against his former counsel] or that [former counsel] is aware of the allegation," see 19 I. & N. Dec. at 639; and (ii) even if the Lozada requirements were satisfied, "the Court would not find that the outcome would have been any different."

Avitso appealed the IJ's decision to the BIA, arguing his motion to reopen substantially complied with Lozada, and he was prejudiced by former counsel's ineffective assistance because he received the NTA from former counsel in October 2011, notified counsel of his new address, but counsel failed to send any further communication to the appropriate address, so "the [IJ's] arguments on why Respondent should have known he had to be in Court are not valid." The BIA dismissed Avitso's appeal in December 2019, adopting the IJ's decision and adding:

---

[1] In Pereira v. Sessions, 138 S. Ct. 2105, 2113-14 (2018), the Supreme Court held that a NTA that does not schedule an initial removal hearing does not trigger the so-called "stop-time" rule for cancellation of removal. Avitso contended that his NTA did not confer removal jurisdiction under Pereira because it did not schedule a removal hearing. He renews that jurisdictional challenge in his Petition for Review, but the argument is foreclosed by this court's controlling precedents. See Ali v. Barr, 924 F.3d 983, 986 (8th Cir. 2019), followed in United States v. Escobar, No. 19-3251, 2020 WL 4726524, at *3 (8th Cir. Aug. 14, 2020). The immigration court acquired jurisdiction when the NTA issued, and Avitso was then mailed a proper NOH.

As stated by the [IJ], the respondent conceded in his motion that he received the NTA and it does not appear that his prior attorney ever entered an appearance on his behalf. The NTA warned the respondent of his duty to update his address with the court and appear for all scheduled hearings . . . . [I]t was the respondent's responsibility to keep the court apprised of his current address. If, as he alleged in his motion, the respondent moved to a new address [when] his removal proceedings were beginning, he should have notified the court of his new address.

## II. Discussion.

The Immigration and Nationality Act provides that an alien who fails to appear at a removal proceeding "shall be ordered removed in absentia if the Service establishes by clear, unequivocal, and convincing evidence that the written notice [required under 8 U.S.C. § 1229(a)] was [] provided and that the alien is removable." However, no notice is required "if the alien has failed to provide the address required under section 1229(a)(1)(F)." An *in absentia* order "may be rescinded only (i) upon a motion to reopen filed within 180 days" if the alien demonstrates exceptional circumstances for his failure to appear, "or (ii) upon a motion to reopen filed at any time if the alien demonstrates that [he] did not receive notice in accordance with" § 1229(a). 8 U.S.C. §§ 1229a(b)(5)(A)-(C); see 8 C.F.R. § 1003.23(b)(4)(ii). In this case, Avitso's motion to reopen his *in absentia* order of removal is untimely absent proof that neither Avitso nor his "counsel of record" received the September 2012 NOH through service by mail in accordance with 8 U.S.C. § 1229(a)(1) and (2).

The Attorney General's discretionary authority to act on a motion to reopen is a longstanding, important safeguard that we have jurisdiction to review for abuse of discretion. See Kucana v. Holder, 558 U.S. 233 (2010). The regulations provide that a motion to reopen removal proceedings before the immigration court "shall state the new facts that will be proven at a hearing to be held if the motion is granted and shall be supported by affidavits and other evidentiary material." 8 C.F.R. § 1003.23(b)(3).

Because "motions to reopen are disfavored," the BIA "has discretion to deny a motion to reopen even if the alien has made out a prima facie case for relief." INS v. Abudu, 485 U.S. 94, 106-07 (1988).

When a motion to reopen is premised on a claim of ineffective assistance of counsel, "we use the Board's leading decision in Matter of Lozada . . . as a substantive and procedural compass." Ortiz-Puentes v. Holder, 662 F.3d 481, 484 (8th Cir. 2011) (quotation omitted). To prevail on this claim, the alien must not only satisfy the procedural requirements of Lozada, such as proof that he notified counsel of his claim and filed a professional complaint against counsel with the appropriate disciplinary authorities. He must also establish that he was "prejudiced . . . by showing that the[] attorney's performance was so inadequate that it may well have resulted in a deportation that would not otherwise have occurred." Obleshchenko v. Ashcroft, 392 F.3d 970, 972 (8th Cir. 2004) (cleaned up).

Avitso argues the BIA abused its discretion in denying his motion to reopen because he substantially complied with the requirements set forth in Matter of Lozada for reopening removal proceedings based on a claim of counsel's ineffective assistance. We disagree. Avitso's motion to reopen included no evidence that he notified former counsel of his ineffective assistance claims, provided her an opportunity to respond, or filed a complaint with the appropriate Nebraska disciplinary authorities. The BIA in Matter of Lozada explained that these requirements discourage baseless allegations and deter meritless claims. 19 I. & N. Dec. at 639-40. As Avitso did not substantially comply with these requirements, there was no abuse of discretion. See Habchy v. Gonzales, 471 F.3d 858, 863-64 (8th Cir. 2006); Hernandez-Moran v. Gonzales, 408 F.3d 496, 499 (8th Cir. 2005).

Our dissenting colleague would grant the petition for review and remand because the IJ and the BIA did not consider the argument in Avitso's motion to reopen that he "moved and provided an updated address to both immigration and his

former attorney," supported by an unsworn letter from Avitso dated October 30, 2018, imploring the IJ "to reconsider my case." We conclude this is an inadequate basis to reverse the denial of his motion to reopen the *in absentia* removal order.

First, the issue was not raised to the agency and is therefore unexhausted. The motion to reopen raised two issues, ineffective assistance of counsel and lack of removal jurisdiction. Avitso did not claim that the June 2012 NTA and the September 2012 NOH were not mailed in accordance with 8 U.S.C. § 1229(a)(1) and (2). Asserting that claim would have required affirmative evidence that the address listed on the June 1, 2012, USCIS Form I-213, Record of Deportable/Inadmissible Alien was invalid. Avitso submitted no evidence that he properly changed this address prior to June 1 by filing the written notice required by § 1229(a)(1)(F). The IJ and the BIA were not required to consider *sua sponte* a claim that was neither raised nor supported in the motion to reopen.

Second, Avitso's letter to the IJ did not establish or even support a claim that his motion to reopen was timely filed under § 1229a(b)(5)(C)(ii). The letter told the IJ that he hired his former attorney after his application for adjustment of status was denied "to show the DHS that my marriage at the time was lawful. . . . [W]e provided all the necessary proofs then appealed the DHS decision. In the middle of this, I moved, and I notified the DHS and [former counsel], and I even have my letters forwarded to my then new address." The Motion to Reopen further alleged that Avitso "did not personally receive the [2011 NTA] but a copy was forwarded to him by his then immigration attorney."

Recall that the 2011 NTA and the June 2012 NTA were mailed to Avitso at different home addresses. The obvious inference, supported by what the USCIS investigators had learned, is that either Avitso or his former counsel properly notified DHS of *this* change of address, consistent with what Avitso's letter told the IJ. The two NOHs were mailed in June and September 2012 to the address listed on the June

1, 2012 USCIS Form I-213, where the June NTA was mailed. Although the NOHs were returned as undeliverable, they were mailed in conformity with 8 U.S.C. § 1229a(b)(5)(A) in the absence of evidence, which Avitso did not submit, that he timely submitted a change of his June 1 address in accordance with § 1229(a)(1)(F). Absent notice of a change of address, DHS had no obligation to mail notice of the January 2013 hearing to wherever Avitso was living in September 2012. Thus, Avitso's letter to the IJ did not undermine the BIA's decision that the motion to reopen was untimely. See Maghradze v. Gonzales, 462 F.3d 150, 154 (2d Cir. 2006). In these circumstances, a remand to consider this issue would be improper. "Granting such motions [to reopen] too freely will permit endless delay of deportation by aliens creative and fertile enough to continuously produce new and material facts sufficient to establish a prima facie case." Abudu, 485 U.S. at 108 (quotation omitted).

Accordingly, we deny the petition for review.

KELLY, Circuit Judge, dissenting.

Where a motion to reopen removal proceedings is filed more than 180 days after the date of the final order of removal, as is the case here, an order of removal in absentia may be rescinded only if the non-citizen shows that they did not receive adequate notice of the hearing, or that they were in federal or state custody at the time of the hearing and the failure to appear was through no fault of their own. 8 U.S.C. § 1229a(b)(5)(C). Here, Avitso argues that he did not receive notice of the removal proceedings. Because the BIA adopted the decision of the IJ denying the motion to reopen but added some of its own reasoning to dismiss Avitso's appeal, both decisions are reviewed for abuse of discretion. Sharif v. Barr, 965 F.3d 612, 618 (8th Cir. 2020).

The IJ found that notice of the removal hearing was not deficient because even if Avitso had moved addresses (which he claimed he had), he failed to notify the

-7-

immigration court. But in his brief to this court, Avitso, through his attorney, contends that he submitted a letter to the IJ explaining that he had in fact updated his address. Specifically, attached to the motion to reopen is a signed letter from Avitso asserting that, while he was appealing DHS's denial of his Form I-485 Application to Adjust Status, he moved addresses and notified "the DHS and Peck Law Firm" of such.[2] Avitso also raised this issue in the text of his motion to reopen, arguing that he "moved and provided an updated address to both immigration and his former attorney" before the removal hearing. Yet, the IJ's decision does not consider this argument and it discusses the letter-exhibit only to conclude that Avitso did not provide evidence of a complaint for attorney misconduct.

The court reasonably infers that Avitso likely moved twice because the September 2011 NTA and the June 2012 NTA were mailed to different home addresses (Address 1 and Address 2, respectively), but then the 2012 NOHs that were mailed to Address 2 were returned as undeliverable. However, this does not necessarily mean that Avitso failed to properly notify immigration authorities of the *second* change of address. On August 25, 2011, USCIS sent a letter to Avitso's ex-wife denying her Petition for Alien Relative. In that letter, USCIS discussed evidence that Avitso had moved out of Address 1 and was living at Address 2 as of June 2011, but was also named on a lease for a third address (Address 3). Considering that Avitso told the IJ that he moved "in the middle" of appealing DHS's denial of his Application to Adjust Status, it would not be unreasonable to infer that Avitso (1) moved to Address 3 that fall and (2) updated his address after receiving the forwarded 2011 NTA and noticing that it contained incorrect information. On this basis, Avitso's letter to the IJ does undermine both the IJ's and the BIA's determinations that he received proper notice.

_____

[2]It is not entirely clear whether Avitso alleges that he updated his address with DHS, the immigration court, or both. But as explained further below, the issue is that neither the IJ nor the BIA considered Avitso's argument that he had updated his address at all, let alone whether he did so correctly.

Furthermore, even if this issue were not raised to the BIA, that would not preclude finding that the *immigration court* abused its discretion, because both the IJ's and the BIA's decisions are presently under review. Either way though, DHS itself addressed this issue on appeal to the BIA, arguing that because Avitso did not provide enough proof that he had updated his address, his claim for lack of notice must fail. See, e.g., Frango v. Gonzales, 437 F.3d 726, 728–29 (8th Cir. 2006) (recognizing that failure to exhaust may be excused "where other parties have raised the issue"). Despite the fact that DHS did raise the issue and that both USCIS's and Avitso's letters were in the record, the BIA—like the IJ before it—failed to consider Avitso's argument that he had updated his address, assuming without explanation that he had not done so.

Generally, "[t]he BIA abuses its discretion if its decision is without rational explanation, departs from established policies, invidiously discriminates against a particular race or group, or where the agency fails to consider all factors presented by the alien or distorts important aspects of the claim." Clifton v. Holder, 598 F.3d 486, 490–91 (8th Cir. 2010) (quoting Vargas v. Holder, 567 F.3d 387, 391 (8th Cir. 2009)). The record here indicates that both the BIA and the IJ failed to consider an important factor presented by Avitso that, if proven, would likely change the result. The BIA's decision explains that "[i]n order for the respondent's proceedings to be reopened on the basis of lack of notice, his motion must demonstrate that he did not receive notice of his January 15, 2013, hearing in accordance with section 239(a)(1) of the Immigration and Nationality Act." But both the IJ and the BIA concluded, without considering Avitso's claim and exhibit to the contrary, that he did not comply with his obligation to update his address and was not entitled to actual notice of the removal hearing.

While it may well be that Avitso cannot ultimately show that his removal proceedings should be reopened, that is not the issue here. An agency's discretion, however broad, does not entitle it to ignore probative facts. Cf. Palavra v. I.N.S., 287

F.3d 690, 693 (8th Cir. 2002) (in asylum case, expressing the general principle that "[w]hen an agency finds a fact without mentioning or analyzing significant evidence, the agency needs to reconsider its decision."). Nor does it thwart the BIA's and the IJ's interests in discouraging "endless delay of deportation" to fully consider such facts and to ensure that a non-citizen is not removed because, through no fault of his own, he did not receive proper notice of his removal hearing and thus could not respond to the government's allegations.[3]

Because both the BIA and the IJ failed to consider a material factor presented by Avitso, I believe they abused their discretion. I would grant Avitso's petition and remand to the BIA for further consideration.[4] Clifton, 598 F.3d at 494 (granting petition based on BIA's failure to consider effect of new evidence and clarifying that the court did "not suggest that . . . the BIA must remand or reopen," only that the BIA should consider whether petitioner's underlying motion "warrants a favorable exercise of the BIA's discretion").

_____

[3]It is worth noting that a motion to reopen for lack of notice under § 1229a(b)(5)(C) need not state new facts establishing prima facie eligibility for the underlying substantive relief sought, as would be required for a motion to reopen under § 1229a(c)(7). Matter of Ruiz, 20 I. & N. Dec. 91, 92–93 (B.I.A. 1989). Instead, the motion need only demonstrate reasonable cause for the failure to appear. Id. at 93. "To require [the non-citizen] to establish prima facie eligibility . . . in conjunction with his motion to reopen, before he is given the opportunity to a hearing" on the merits, "would violate his statutory right to such a hearing." Id.

[4]I agree with the court that Avitso's ineffective-assistance and Pereira-based arguments are not grounds to grant the petition.

-10-