# United States Court of Appeals
## For the Eighth Circuit
_____

No. 25-1419
_____

Maria Jose Rodriguez Irias; S.J.A.R.; V.D.A.R.

*Petitioner*s

v.

Pamela Bondi, Attorney General of the United States

*Respondent*
_____

Petition for Review of an Order of the
Board of Immigration Appeals
_____

Submitted: October 23, 2025
Filed: February 17, 2026
_____

Before LOKEN, BENTON, and SHEPHERD, Circuit Judges.
_____

SHEPHERD, Circuit Judge.

Maria Jose Rodriguez Irias and her two minor children, natives and citizens of Honduras, petition for review of an order of the Board of Immigration Appeals (BIA) affirming the immigration judge's (IJ) denial of their motion to reopen their in absentia removal proceedings. Having jurisdiction under 8 U.S.C. § 1252, we deny the petition.

I.

In January 2019, Rodriguez Irias[1] applied for admission to enter the United States at San Ysidro, California without lawful entry documentation. Shortly after, the Department of Homeland Security (DHS) initiated removal proceedings against her by filing a Notice to Appear, charging her with removability under 8 U.S.C. § 1182(a)(7)(A)(i)(I) for being an alien without valid entry documentation. This hearing was ultimately scheduled for February 2023, and notices were sent to Rodriguez Irias's last address of record. When she did not appear at the hearing, the IJ, finding sufficient evidence for her removability, ordered her to be removed in absentia.

In October 2023, Rodriguez Irias's then-counsel, acting on her behalf, filed a motion to reopen the removal proceedings based on his own ineffective assistance. Counsel explained that Rodriguez Irias hired him in 2021 to help her apply for a T visa, which is available to victims of human trafficking, but that he had failed to file an appearance with the immigration court and was thus not notified of her removal hearing. Because of this, counsel contends, he did not inform Rodriguez Irias of the date of her hearing, causing her to miss it. In support of the motion, counsel attached a copy of a letter he attested to have emailed to the Iowa Supreme Court Attorney Disciplinary Board describing his ineffective assistance; the document did not contain any electronic proof of receipt.

The IJ denied the motion to reopen. The IJ first found that Rodriguez Irias could not prove that she lacked notice of the removal proceedings because the Court mailed notices to her last address on record and she offered no evidence that she did not receive them. The IJ then held that Rodriguez Irias's ineffective assistance claim failed because she filed it nearly two months after the 180-day deadline and because she had no other exceptional circumstances justifying her absence from the hearing.

---

[1]We refer only to Rodriguez Irias throughout this opinion because her children's applications are derivative of hers.

On appeal, the BIA affirmed. The BIA held that the ineffective assistance claim was procedurally deficient under Matter of Lozada, 19 I&N Dec. 637 (BIA 1988), because "the record does not . . . reflect that the letter [detailing counsel's ineffective assistance] was emailed to the disciplinary board." Admin. R. 4. The BIA also affirmed the IJ's finding that Rodriguez Irias received constructive notice of her removal hearing, and it declined to reopen the case sua sponte, noting that the remedy she sought—receiving a T visa—could not be granted by the IJ even if the case were reopened. This petition followed.

## II.

Rodriguez Irias first argues that the BIA erred in affirming the IJ's denial of her motion to reopen proceedings. She contends that her ineffective assistance claim did satisfy the requirements of Matter of Lozada, and thus the BIA should not have rejected her basis for reopening proceedings. We disagree.

"We review decisions denying motions to reopen or reconsider for an abuse of discretion." Gitau v. Mukasey, 520 F.3d 906, 908 (8th Cir. 2008). "The BIA's findings of fact are conclusive 'unless any reasonable adjudicator would be compelled to conclude to the contrary.'" Etchu-Njang v. Gonzales, 403 F.3d 577, 580 (8th Cir. 2005) (quoting 8 U.S.C. § 1252(b)(4)(B)).

A court may grant an alien's motion to rescind an in absentia removal order "upon a motion to reopen filed within 180 days after the date of the order of removal if the alien demonstrates that the failure to appear was because of exceptional circumstances." 8 U.S.C. § 1229a(b)(5)(C)(i). Ineffective assistance of counsel is an exceptional circumstance justifying the reopening of a removal order. See, e.g., In re Grijalva-Barrera, 21 I&N Dec. 472, 473 (BIA 1996). Under Matter of Lozada, a movant seeking to reopen a removal proceeding due to ineffective assistance must (1) "support his claim with an affidavit alleging facts relevant to the ineffective assistance," (2) "inform the former counsel of the allegation and give her an opportunity to respond," and (3) "if the ineffective assistance would amount to a

violation of legal or ethical responsibilities . . . show whether he has filed a complaint with the 'appropriate disciplinary authorities regarding such representation, and if not, why not.'" Habchy v. Gonzales, 471 F.3d 858, 862 (8th Cir. 2006) (citing and quoting Matter of Lozada, 19 I&N Dec. at 639). If a movant does not comply with these procedural requirements, her motion fails and the court need not consider it on the merits. See Matter of Lozada, 19 I&N Dec. at 639 (explaining that the procedural requirements are "necessary" because "[w]here essential information is lacking, it is impossible to evaluate the substance of [an ineffective assistance] claim"); Avitso v. Barr, 975 F.3d 719, 722-23 (8th Cir. 2020) (denying a petition to review the denial of a motion to reopen proceedings without reaching the merits since the motion was procedurally deficient under Matter of Lozada).

Here, Rodriguez Irias has not satisfied the third requirement of Matter of Lozada. Since her counsel alleged to have reported himself for ineffective assistance, he was required to prove that he filed a complaint with the appropriate disciplinary authorities or explain why he had not. Habchy, 471 F.3d at 862. Here, however, counsel only submitted a copy of an email with the substance of his self-report; he did not submit any proof that he sent this email to the relevant authorities. As the BIA found, "the record does not contain documentation to reflect that the letter was emailed to the disciplinary board as alleged nor any acknowledgement of receipt." Admin. R. 4. Thus, since there is insufficient evidence for "any reasonable adjudicator [to] be compelled to conclude to the contrary," Etchu-Njang, 403 F.3d at 580 (citation omitted), we will not disturb the BIA's finding here.

Rodriguez Irias responds that requiring proof of a proper filing is an "overly technical" burden that mischaracterizes Matter of Lozada by "elevat[ing] form over substance." She argues that because the Lozada requirements merely serve to discourage baseless claims and create a factual record, documents alleging ineffective assistance will satisfy them so long as they are sufficiently trustworthy and detailed.

-4-

However, this interpretation of <u>Matter of Lozada</u> is incorrect. As <u>Matter of Lozada</u> makes clear, its procedural requirements are a "high standard" that demand "that disciplinary authorities *be notified* of breaches of professional conduct." 19 I&N Dec. at 639 (emphasis added). Merely including the content of a report is not enough; the movant must also show that the report was sent to the proper parties. <u>See</u> <u>Matter of Melgar</u>, 28 I&N Dec. 169, 170 (BIA 2020) ("Requiring notification of disciplinary authorities . . . is the most effective way of informing disciplinary authorities of allegations[.]"). The BIA has further clarified that there is no exception to the reporting requirement when "counsel has taken responsibility for the error," since this would "render[] <u>Matter of Lozada</u> ineffectual." <u>Id.</u> This is in part because a proper filing "serves to protect against collusion between [the] alien and counsel in which 'ineffective' assistance is tolerated, and goes unchallenged by an alien . . . because it results in a benefit to the alien." <u>Id.</u> In sum, <u>Matter of Lozada</u> requires a movant to provide not only the substance of her claim but also the proof that she submitted it to the relevant authorities (or an explanation of why not). <u>See</u> 19 I&N Dec. at 639. Since Rodriguez Irias's counsel here did not do this, the BIA was within its discretion to find that her claim for ineffective assistance was procedurally deficient.

Rodriguez Irias also advances numerous alternative theories of how her counsel provided ineffective assistance. These include counsel's failure to timely file a T visa application, his inaccuracy in preparing legal documents, and his failure to identify her eligibility for Special Immigrant Juvenile Status (SIJS). She also argues that the IJ had a standalone duty "to ensure that [her] statutory right to counsel is honored," and that the BIA should have considered her poor English and status as a trafficking victim in analyzing whether her counsel provided ineffective assistance.

As an initial matter, we are hesitant to consider any of these arguments since they were not raised before the BIA. When a party "petitions us to review issues on which the Board did not rule. . . . [she] fails to comply with . . . [the] requirement to exhaust all administrative remedies." <u>Essel v. Garland</u>, 89 F.4th 686, 691 (8th Cir. 2023). While Rodriguez Irias did make a general claim of ineffective assistance

-5-

before the BIA, the facts she alleges here are distinct and independent from those she mentioned before. We have previously rejected a petitioner's arguments where the petitioner "tried to raise an issue for the first time . . . [that] the Board reviewed in only one context . . . but not the context she sought on her petition for review." Id. (citing Brizuela v. Garland, 71 F.4th 1087, 1091-92 (8th Cir. 2023)).

Rodriguez Irias contends that these arguments are not new because they are based on facts present in the Administrative Record submitted to the BIA. But this argument is unreasonable, as it assumes that the BIA should have reviewed a near 500-page record on its own to find issues that Rodriguez Irias herself did not raise. See Kanagu v. Holder, 781 F.3d 912, 917 (8th Cir. 2015) ("[W]e lack jurisdiction to consider arguments not clearly made before the agency.").

In any case, Rodriguez Irias's arguments fail because they mix up the procedural stage of an ineffective assistance claim with its merits stage. To bring a successful claim of ineffective assistance, a movant must first satisfy the procedural requirements of Matter of Lozada; only then can she prevail on the merits of her claim. See 19 I&N Dec. at 639. While a movant may have a litany of facts showing that her counsel's assistance was ineffective, a court may only consider these facts if they are first incorporated in a complaint that satisfies Matter of Lozada. See id.; Avitso, 975 F.3d at 722-23. Here, however, counsel's self-reported complaint was not documented properly, and the only example of ineffective assistance it mentioned was his failure to file an appearance with the immigration court. Since none of the other examples of ineffective assistance were incorporated in a properly filed complaint, they do not satisfy Matter of Lozada and we need not reach their merits. See 19 I&N Dec. at 639; cf. Liadov v. Mukasey, 518 F.3d 1003, 1006 (8th Cir. 2008) (noting in the exhaustion context that an "alien's procedural default before the BIA create[s] a procedural bar to judicial review").

Accordingly, we hold that the BIA did not abuse its discretion in affirming the IJ's denial of Rodriguez Irias's motion to reopen removal proceedings.

III.

Rodriguez Irias lastly argues that this Court should reverse the BIA's decision not to reopen the case sua sponte. She argues that due to her counsel's ineffective assistance and her status as a trafficking victim, the BIA should have found her case to be an exceptional situation that warranted a sua sponte reopening. We disagree.

The BIA may reopen a case sua sponte "in exceptional situations." In re J-J-, 21 I&N Dec. 976, 984 (BIA 1997). However, "[w]hen the BIA decides whether its precedent makes a case exceptional . . . for *sua sponte* reopening, its decision is purely discretionary." Manyary v. Bondi, 129 F.4th 473, 479 (8th Cir. 2025). Thus, "[a]lthough the BIA may reopen removal proceedings *sua sponte*, this Court generally lacks jurisdiction to review such decisions." Id.

Here, Rodriguez Irias's only justification for a sua sponte reopening is that her case was an exceptional situation, so the BIA's determination on this matter was "purely discretionary." Id. Thus, "we lack jurisdiction to review its decision." Id.

IV.

For the foregoing reasons, we deny the petition for review.

_____