# Matter of Jesus A. MELGAR, Respondent

*Decided December 4, 2020*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

(1) Counsel's acceptance of responsibility for error does not discharge the disciplinary authority complaint obligation under *Matter of Lozada*, 19 I&N Dec. 637 (BIA 1988), particularly where the ineffective assistance allegation is rendered by the same attorney against himself.

(2) A respondent seeking reopening on the basis of a claim of ineffective assistance of counsel must show a reasonable probability that, but for counsel's error, he would have prevailed on his claim.

FOR RESPONDENT: Gage C. Herbst, Esquire, Midvale, Utah

FOR THE DEPARTMENT OF HOMELAND SECURITY: Saida Ulle, Assistant Chief Counsel

BEFORE: Board Panel: GRANT, MULLANE, and RILEY, Appellate Immigration Judges

MULLANE, Appellate Immigration Judge:

This case was last before us on September 3, 2019, when we dismissed the respondent's appeal from an Immigration Judge's order of removal and denied his motion to remand to apply for adjustment of status on the basis of an approved visa petition filed by his United States citizen son. On December 2, 2019, the respondent filed a timely motion to reopen based on a claim of ineffective assistance of counsel. The Department of Homeland Security ("DHS") opposes the respondent's motion.[1] The respondent's motion to reopen will be denied.

The respondent is a native and citizen of El Salvador. In his motion, he asserts that his attorney provided ineffective assistance during the pendency of his appeal. In particular, he contends that his attorney, who is still his

---

[1] In its opposition, the DHS incorrectly states that the respondent's motion is numerically barred. An alien is entitled to file one motion to reopen after each final order of removal. *See* 8 C.F.R. § 1003.2(c)(2) (2020). The motion to rescind the respondent previously filed and had granted pertained to a different final order and does not bar the respondent from filing a motion to reopen within 90 days of our September 3, 2019, decision, despite the DHS's assertion to the contrary.

attorney, did not ask him for information regarding his rehabilitation or other positive factors and therefore did not present sufficient evidence to establish that he was entitled to a remand to apply for adjustment of status on the basis of an approved visa petition filed by his United States citizen son.  The respondent maintains that he has satisfied the procedural requirements that must be met before the Board will consider a motion to reopen based on ineffective assistance of counsel.  The respondent also contends that he has established that he was prejudiced by his attorney's errors.

The respondent's ineffective assistance of counsel claim is different because the claim is made against his current counsel, who represented him before the Immigration Judge and on appeal to the Board, and continues to represent him in the motion to reopen.  In *Matter of Lozada*, 19 I&N Dec. 637 (BIA 1988), we stated that a claim for ineffective assistance of counsel "should reflect whether a complaint has been filed with appropriate disciplinary authorities regarding such representation, and if not, why not." *Matter of Lozada* did not hold that any such explanation, however insufficient, would satisfy this requirement.  Here respondent indicates that a complaint has not been filed with disciplinary authorities "[b]ecause counsel has taken responsibility for the error and the error is clear."  But the obligation of the complaint cannot be so easily discharged, otherwise the purpose of the requirement is rendered inconsequential.  This is particularly true in this context, where the ineffective assistance allegation is rendered by the same attorney against himself.[2]  The claim here, if permitted, renders *Matter of Lozada* ineffectual.

The bar complaint requirement is designed to "highlight[] the standards which should be expected of attorneys who represent persons in immigration proceedings." *Id.* at 639; *see also Matter of Rivera*, 21 I&N Dec. 599, 604 (BIA 1996).  Requiring notification of disciplinary authorities is important because this is the most effective way of informing disciplinary authorities of allegations of potential violations of ethical or legal responsibilities. While a single instance of malpractice may not be sufficient for disciplinary authorities to act, the notification requirement allows disciplinary authorities to assess whether there is a pattern of misconduct that should be addressed. Further, the bar complaint "also serves to protect against collusion between alien and counsel in which 'ineffective' assistance is tolerated, and goes unchallenged by an alien before disciplinary authorities, because it results in a benefit to the alien in that delay can be a desired end, in itself, in immigration proceedings." *Matter of Rivera*, 21 I&N Dec. at 604.  There may be valid reasons for not submitting a bar complaint—such as death of

---

[2]  The ethical propriety of an attorney making allegations of misconduct against himself or herself is addressed in the ABA Model Rules of Professional Conduct, Rule 1.7.

prior attorney or his disbarment—but respondent has not stated one here except for a self-serving purpose, which we will not accept. For these reasons, we conclude that respondent has not satisfied *Matter of Lozada*.

Even if we assume that the respondent's attorney provided ineffective assistance and that the respondent has satisfied the procedural requirements of *Matter of Lozada*, the respondent has not met his burden of showing that he was prejudiced by his attorney's errors. *See Matter of Lozada*, 19 I&N Dec. at 638. Specifically, the respondent has not met his burden of establishing a reasonable probability that, but for his attorney's mistakes, he would have obtained a remand to apply for adjustment of status. *See, e.g.*, *Harmon v. Sharp*, 936 F.3d 1044, 1059 (10th Cir. 2019) (noting, in context of habeas proceeding, that, to show prejudice from ineffective assistance, a petitioner must demonstrate a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different) (citations omitted). The "reasonable probability" standard is appropriate because ineffective assistance of counsel only matters when there is prejudice. *See Matter of Lozada*, 19 I&N Dec. at 640. Reopening such cases is an extraordinary remedy that should not be invoked for attorney error that is non-prejudicial to the decision. A respondent who does not prevail on his claim may feel this was because his attorney was not good enough. *Matter of Lozada* remedies are not for those cases where a better attorney might have obtained a favorable result. Our concern is for respondents who have suffered significant harm and can show a reasonable probability that they would have prevailed on their claim. Thus a respondent does not have to show he definitely would have prevailed, but he needs to make a clear showing that the attorney erred in such a manner that he can show a reasonable probability that he would have prevailed on the claim, if not for the error.

The respondent has not shown a reasonable probability that he would have obtained a remand to apply for adjustment of status if his attorney had not made the alleged mistake. The respondent asserts that the additional evidence he submitted with his current motion establishes that he is entitled to a discretionary grant of adjustment of status. We disagree.

The additional information the respondent submitted regarding his criminal record does not erase our concerns regarding the number of encounters he has had with law enforcement and the extended period over which these encounters have occurred. The information also does not dispel our concern regarding his conviction for child abuse under section 76-5-109(3)(B) of the Utah Code Annotated. The respondent asserts that his offense is not a crime involving moral turpitude, but we do not need to resolve this issue to make a determination on the respondent's motion. The offense does qualify as a crime of child abuse for the purposes of

section 237(a)(2)(E)(i) of the Immigration and Nationality Act, 8 U.S.C. § 1227(a)(2)(E)(i) (2018). *See Matter of Velazquez-Herrera*, 24 I&N Dec. 503, 512 (BIA 2008).[3] Accordingly, the conviction is a strong negative factor weighing against a grant of adjustment.

Further, the respondent has not submitted statements from any of his children, and the letters he submitted are not sufficient to outweigh his long history of arrests and his convictions for child abuse, assault, and disorderly conduct. *See, e.g.*, *Matter of Coelho*, 20 I&N Dec. 464, 472–73 (BIA 1992) (indicating that a moving party must establish that he or she warrants relief as a matter of discretion). The respondent's new evidence therefore is not sufficient to meet his burden of showing a reasonable probability that he would have obtained a remand to pursue adjustment if his attorney had presented this evidence with his motion to remand. The respondent accordingly has not established that he was prejudiced by any error of his attorney, and we deny his motion to reopen based on a claim of ineffective assistance of counsel.

**ORDER:** The respondent's motion to reopen is denied.

**NOTICE:** If a respondent is subject to a final order of removal and willfully fails or refuses to depart from the United States pursuant to the order, to make timely application in good faith for travel or other documents necessary to depart the United States, or to present himself or herself at the time and place required for removal by the DHS, or conspires to or takes any action designed to prevent or hamper the respondent's departure pursuant to the order of removal, the respondent shall be subject to a civil monetary penalty of up to $813 for each day the respondent is in violation. *See* Section 274D of the Act, 8 U.S.C. § 1324d (2018); 8 C.F.R. § 280.53(b)(14) (2020).

---

[3] The respondent was convicted under section 76-5-109(3)(B) of the Utah Code Annotated. His offense therefore had as an element a mens rea of recklessness and is distinguishable from the offense discussed in *Ibarra v. Holder*, 736 F.3d 903 (10th Cir. 2013).