# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 4, 2022

Lyle W. Cayce
Clerk

No. 21-60680
Summary Calendar

Gabriela Melissa Zavala; Olga Victoria Duenas Zavala; Wilmer Omar Duenas Zavala; Wilmer Fabricio Duenas Zavala,

*Petitioners,*

*versus*

Merrick Garland, *U.S. Attorney General,*

*Respondent.*

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A206 260 765
Agency No. A206 260 766
Agency No. A206 260 767
Agency No. A206 260 768

Before Stewart, Haynes, and Oldham, *Circuit Judges.*

Per Curiam:*

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

1

No. 21-60680

Gabriela Melissa Zavala and her three children, Olga Victoria Duenas Zavala, Wilmer Omar Duenas Zavala, and Wilmer Fabricio Duenas Zavala, are natives and citizens of Honduras. They have filed a petition seeking review of a decision of the Board of Immigration Appeals (BIA) denying their motion for reconsideration.[1]

Zavala argues that the BIA's denial of her motion to reconsider should be reversed because the BIA misapplied the prejudice standard in evaluating her claim that counsel was ineffective in failing to pursue her asylum claim. She further argues that the BIA overlooked or failed to adequately consider relevant evidence in determining that she had failed to show, as relevant to her asylum claim, that the Honduran government was unwilling or unable to protect her. *See Tesfamichael v. Gonzales*, 469 F.3d 109, 113 (5th Cir. 2006).

This court reviews the BIA's denial of a motion to reconsider "under a highly deferential abuse-of-discretion standard." *Lowe v. Sessions*, 872 F.3d 713, 715 (5th Cir. 2017) (internal quotation marks and citation omitted). The BIA's legal conclusions are reviewed de novo, and its factual findings are reviewed for substantial evidence. *Orellana-Monson v. Holder*, 685 F.3d 511, 517 (5th Cir. 2012). This court will not reverse the BIA's factual findings unless the evidence compels a contrary conclusion. *Chen v. Gonzalez*, 470 F.3d 1131, 1134 (5th Cir. 2006).

Zavala contends that in considering her claim of ineffective assistance of counsel, the BIA evaluated prejudice using the wrong standard. In its original decision denying Zavala's motion to remand, the BIA cited *Matter of Melgar*, 28 I. & N. Dec. 169 (BIA 2020), and found that Zavala had not met her burden of showing that she was prejudiced by her former attorney's errors. The BIA recited the prejudice standard as requiring "a clear showing

---

[1] Because Zavala is the lead petitioner, this opinion will hereinafter refer only to her unless otherwise specified.

that [Zavala's] former attorney erred in such a manner that she can show a reasonable probability that she would have prevailed on the claim." It then stated that "[e]ven if her former counsel had requested asylum, such a claim would not have prevailed because . . . she ha[d] not shown that the government of Honduras [was] unable or unwilling to protect her."

In her motion to reconsider, Zavala argued there that the "reasonable probability" standard announced in *Melgar*—a case that was decided after she filed her motion to remand—"articulated a new standard for showing prejudice." She claimed that prior to *Melgar*, the BIA assessed prejudice on a "case-by-case" basis. Zavala claimed that in relying on *Melgar* to deny her motion to reopen, the BIA had applied a new law retroactively without subjecting the rule to the *Montgomery Ward*[2] test.

Zavala raises a different argument in her petition for review. She now agrees that the BIA correctly set out the controlling prejudice standard as articulated in *Melgar*, but she claims that the BIA did not actually apply the "reasonable probability" standard in her case and, instead, held her to a higher standard. Because Zavala failed to make a "concrete statement" before the BIA on reconsideration that can be reasonably tied to her current claim that the BIA did not actually apply the reasonable probability standard in *Melgar* when it denied her motion to reopen, the issue is unexhausted, and this court lacks jurisdiction to consider it. *Omari v. Holder*, 562 F.3d 314, 322 (5th Cir. 2009); *Roy v. Ashcroft*, 389 F.3d 132, 137 (5th Cir. 2004).

Even if Zavala's argument in her motion to reconsider could be construed as raising the issue before the BIA, it is without merit. Though the BIA could have stated its reasoning more precisely, it nonetheless set out the correct prejudice standard in its initial decision denying Zavala's motion to

---

[2] *Montgomery Ward & Co. v. F.T.C.*, 691 F.2d 1322, 1333 (9th Cir. 1982).

No. 21-60680

remand.  It applied the same reasonable probability standard in its decision denying her motion for reconsideration.  *See Parada-Orellana v. Garland*, 21 F.4th 887, 894 (5th Cir. 2022).

Zavala also argues that the BIA distorted country conditions evidence to justify denying her motion to reconsider.  In particular, she takes issue with the BIA's statement that the Honduran police "sometimes" lack sufficient resources to address crime.  She contends that the evidence clearly shows that law enforcement's failure to combat crime in Honduras is a regular problem and not an occasional occurrence.

Additionally, she complains that the BIA attempted to sidestep her evidence of conditions in Honduras by taking administrative notice of the United States Department of State's 2021 country report for Honduras.[3] That report reflects, among other improvements, that the Honduran government has established a center in Zavala's hometown where women can report crimes, seek medical and psychological attention, and receive other services.

Though Zavala's evidence generally describes instances of government corruption, gang violence, and inadequate resources to address crime in Honduras, on balance, the evidence does not compel the conclusion that the government is unable or unwilling to protect Zavala.  *See Chen*, 470 F.3d at 1134.  Accordingly, Zavala has not shown that the BIA abused its discretion in denying reconsideration of this issue.  *See Lowe*, 872 F.3d at 715. The petition for review is DISMISSED in part and DENIED in part.

---

[3] Though Zavala complains that the BIA took administrative notice of this report without allowing her an opportunity to respond to it, this court has stated that "[n]otice can be taken . . . of facts with a generally known and accepted quality."  *Rojas v. INS*, 937 F.2d 186, 190 n.1 (5th Cir. 1991).  The *Rojas* court listed the State Department as an example of an "impeccable" source for such facts.  *Id.*