**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SERGIO ENRIQUE RUIZ LOPEZ,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 22-329

Agency No.
A087-681-429

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued & Submitted July 13, 2023
San Francisco, California

Before: BEA, BENNETT, and H.A. THOMAS, Circuit Judges.

Sergio Enrique Ruiz Lopez (Ruiz), a native and citizen of Mexico, seeks

review of the Board of Immigration Appeals' (BIA) denial of his second motion

to reopen removal proceedings. Exercising jurisdiction under 8 U.S.C. § 1252,

we grant the petition.

Ruiz entered the United States in 1993, when he was six years old. The

government charged him with removability in 2009. Ruiz conceded

---

[*] This disposition is not appropriate for publication and is not
precedent except as provided by Ninth Circuit Rule 36-3.

removability and applied only for cancellation of removal. An Immigration Judge (IJ) concluded that Ruiz is statutorily eligible for cancellation but exercised her discretion to deny relief based on his substance abuse disorder. The BIA affirmed the IJ's denial of relief and later denied Ruiz's first motion to reopen, which presented evidence of rehabilitation. But Ruiz did not timely petition this court for review of the BIA's denial of his first motion to reopen. Instead, after the deadline to appeal had passed, he filed a second motion to reopen before the BIA, arguing that his counsel's failure to timely appeal denial of his first motion to reopen constituted ineffective assistance of counsel (IAC). The BIA denied the second motion to reopen, finding that Ruiz's failure to file a bar complaint against his allegedly deficient counsel was fatal to his IAC claim.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Kaur v. Garland*, 2 F.4th 823, 829 (9th Cir. 2021) (citation omitted). "The BIA abuses its discretion when it acts arbitrarily, irrationally, or contrary to the law." *Id.* (quoting *Martinez v. Barr*, 941 F.3d 907, 921 (9th Cir. 2019)). Applying this standard, "[w]e review legal questions de novo and factual findings for substantial evidence." *Id.* (citation omitted).

Ordinarily, petitioners may file just one motion to reopen removal proceedings, "and that motion must be filed no later than 90 days after the date on which" the removal order became final. 8 C.F.R. § 1003.2(c)(2); 8 U.S.C. § 1229a(c)(7)(A), (C)(i). But as relevant here, those time and numerical restrictions can be waived when a petitioner receives IAC. *Hernandez-Ortiz v.*

*Garland*, 32 F.4th 794, 801 (9th Cir. 2022). To successfully make out an IAC claim, a petitioner must generally satisfy certain procedural and substantive requirements. Substantively, petitioners must show both that their counsel's performance was "egregious" and that they were "substantial[ly] prejudice[d]" as a result. *Id.* Procedurally, they must comply with three requirements set out by the BIA in *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988): (1) "the petitioner [must] submit an affidavit to the BIA explaining" the alleged deficient performance, (2) "notify counsel of the allegations and allow counsel to respond," and (3) "file a complaint against counsel with the 'appropriate disciplinary authorities,' such as the state bar (or explain why such a complaint was not filed)." *Hernandez-Ortiz*, 32 F.4th at 801 (quoting *Lozada*, 19 I. & N. Dec. at 639).

Here, the BIA abused its discretion by arbitrarily enforcing the bar complaint requirement.[1] We have repeatedly held that it is arbitrary to strictly enforce the bar complaint requirement when a counsel's deficient performance is clear from the face of the record. *See, e.g.*, *Castillo-Perez v. I.N.S.*, 212 F.3d 518, 524–27 (9th Cir. 2000); *Lo v. Ashcroft*, 341 F.3d 934, 937–38 (9th Cir.

---

[1] There is no dispute that Ruiz complied with *Lozada*'s first two requirements by filing an affidavit explaining his counsel's promise to file a petition for review of the BIA's denial of his first motion to reopen, and an affidavit from his counsel admitting the error and explaining that he missed the filing deadline due to clerical issues related to an office move and the onset of the COVID-19 pandemic.

2003). And our cases make clear that counsel's failure to timely file an appeal after agreeing to do so is such clear deficient performance. *See, e.g.*, *Dearinger ex rel. Volkova v. Reno*, 232 F.3d 1042, 1045–46 (9th Cir. 2000).

Nor is there any indication that Ruiz is trying to undermine the policy goals of *Lozada*. *See Reyes v. Ashcroft*, 358 F.3d 592, 596 (9th Cir. 2004) ("When we apply *Lozada*, our primary concern is to effectuate the purposes underlying its requirements."); *Lo*, 341 F.3d at 937. Affidavits from both Ruiz and his counsel show that his IAC claim is not meritless. *See Lozada*, 19 I. & N. Dec. at 639–40 (explaining that one purpose of the bar complaint requirement is to deter meritless claims and highlight standards for immigration attorneys). And we have held that collusion between a petitioner and their attorney to delay removal is unlikely when, as here, counsel acknowledges deficient performance in an affidavit. *See, e.g.*, *Correa-Rivera v. Holder*, 706 F.3d 1128, 1133 (9th Cir. 2013); *Rojas-Garcia v. Ashcroft*, 339 F.3d 814, 825–26 (9th Cir. 2003).[2] Accordingly, the BIA arbitrarily enforced the bar complaint requirement and thus abused its discretion.

The government's reliance on the BIA's recent decision in *Matter of Melgar*, 28 I. & N. Dec. 169 (BIA 2020), is misplaced. First, Melgar merely reiterates the policy rationale underlying the bar complaint requirement. *Id.* at

---

[2] Any inference of collusion is further undercut by the fact that Ruiz promptly pursued his IAC claim as soon as he learned that his counsel missed the appeal deadline. *See Lo*, 341 F.3d at 938.

170–71.  It does not displace our caselaw holding that strict enforcement of the bar complaint requirement is arbitrary when allegedly deficient performance is clear from the record and the petitioner independently satisfies *Lozada*'s policy goals.  *See Lo*, 341 F.3d at 937–38; *Correa-Rivera*, 706 F.3d at 1131–33; *Rojas-Garcia*, 339 F.3d at 824–26.  Second, even if *Melgar* did alter our analysis, it was decided five months *after* Ruiz filed his second motion to reopen, and it is unclear whether it can apply retroactively here.  *See Szonyi v. Barr*, 942 F.3d 874, 893–94 (9th Cir. 2019) (discussing retroactivity test).

We note that to succeed on his IAC claim, Ruiz must also demonstrate that he was substantially prejudiced by his counsel's failure to timely seek review of the BIA's denial of his first motion to reopen.  *See Hernandez-Ortiz*, 32 F.4th at 801.  But the BIA did not make a prejudice determination below, neither party briefed prejudice before this court, and the government conceded at oral argument that if we determine the BIA abused its discretion in applying *Lozada*, we cannot decide prejudice in the first instance.  Accordingly, we remand this case to the BIA to decide any remaining issues, including prejudice.  *See Ballinas-Lucero v. Garland*, 44 F.4th 1169, 1177 (9th Cir. 2022) ("If we conclude that the BIA's decision cannot be sustained upon its reasoning, we must remand to allow the agency to decide any issues remaining in the case." (citation omitted)).

**PETITION GRANTED.**