**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NOV 14 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



REYNA ELIZABETH CEDILLOS DE
GARAY; JAIRO ALEXANDER GARAY
CEDILLOS,

    Petitioners,

 v.

MERRICK B. GARLAND, Attorney
General,

    Respondent.

No. 22-1999

Agency Nos.
A209-983-608
A209-983-609

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 5, 2023
Las Vegas, Nevada

Before: RAWLINSON and OWENS, Circuit Judges, and PREGERSON,**
District Judge.

Reyna Elizabeth Cedillos de Garay (Cedillos de Garay) and her minor son

Jairo Alexander Garay Cedillos, natives and citizens of El Salvador, petition for

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Dean D. Pregerson, United States District Judge for
the Central District of California, sitting by designation.

review of a decision from the Board of Immigration Appeals (BIA) denying their motion to reopen. "The BIA's denial of a motion to reopen is reviewed for abuse of discretion, and this court defers to the BIA's exercise of discretion unless it acted arbitrarily, irrationally, or contrary to law. . . ." *Reyes-Corado v. Garland*, 76 F.4th 1256, 1259 (9th Cir. 2023) (citation, alteration, and internal quotation marks omitted). We have jurisdiction under 8 U.S.C. § 1252, and we grant the petition.

Petitioners' removal proceedings commenced in 2017. Petitioners conceded removability, and applied for asylum, withholding of removal, and protection under the Convention Against Torture. The Immigration Judge (IJ) denied the applications for relief, and the BIA dismissed Petitioners' appeal. After Petitioners' counsel failed to timely file a petition for review of the BIA's decision, Petitioners filed a motion to reopen based on ineffective assistance of counsel. The BIA denied the motion on the grounds that Petitioners did not file a bar complaint as required by *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988). The Board relied on *Matter of Melgar*, 28 I. & N. Dec. 169, 170 (BIA 2020), reasoning that "where ineffective assistance of counsel is alleged against an attorney who continues to represent the same client, it is insufficient for counsel to simply accept responsibility for the error without advising disciplinary authorities."

We agree that generally a petitioner must satisfy the *Lozada* requirements to

establish ineffective assistance of counsel. *See Hernandez-Ortiz v. Garland*, 32 F.4th 794, 801 (9th Cir. 2022). However, we have not required strict compliance with the requirement to file a bar complaint absent evidence in the record of collusion between a petitioner and counsel. *See Lo v. Ashcroft*, 341 F.3d 934, 938 (9th Cir. 2003). Because the record contains "no suggestion of collusion," *id.*, the BIA abused its discretion in denying Petitioners' motion to reopen by ruling contrary to our precedent. *See Reyes-Corado*, 76 F.4th at 1259 (defining abuse of discretion to include "act[ing] contrary to law").

**PETITION GRANTED.**