**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 23-1769**

———————

MEIBY LISBETH DUBON HERNANDEZ,

        Petitioner,

    v.

MERRICK B. GARLAND, Attorney General,

        Respondent.

———————

On Petition for Review of an Order of the Board of Immigration Appeals.

———————

Submitted:  May 30, 2024                        Decided:  June 3, 2024

———————

Before GREGORY and HARRIS, Circuit Judges, and MOTZ, Senior Circuit Judge.

———————

Petition denied by unpublished per curiam opinion.

———————

**ON BRIEF:**  Ivan Yacub, YACUB LAW OFFICES, LLC, Woodbridge, Virginia, for Petitioner.  Brian Boynton, Principal Deputy Assistant Attorney General, Cindy S. Ferrier, Assistant Director, Micah Engler, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Meiby Lisbeth Dubon Hernandez, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' order denying Dubon Hernandez's motion to reopen her removal proceedings. We review the denial of a motion to reopen for abuse of discretion. *Lawrence v. Lynch*, 826 F.3d 198, 203 (4th Cir. 2016); 8 C.F.R. § 1003.2(a), (c). The "denial of a motion to reopen is reviewed with extreme deference, given that motions to reopen are disfavored because every delay works to the advantage of the deportable [noncitizen] who wishes merely to remain in the United States." *Sadhvani v. Holder*, 596 F.3d 180, 182 (4th Cir. 2009) (internal quotation marks omitted).

We have reviewed the Board's order, in conjunction with the administrative record and relevant authorities, and conclude that the Board did not abuse its discretion in holding that Dubon Hernandez failed to substantially comply with the third requirement identified in *In re Lozada*, 19 I. & N. Dec. 637 (B.I.A. 1988), and denying the motion on this basis, *see Barry v. Gonzales*, 445 F.3d 741, 745-47 (4th Cir. 2006) (discussing *Lozada* requirements and explaining that this court will "only review the merits of the [Board's] denial of a motion to reopen on the basis of ineffective assistance of counsel where the [noncitizen] has complied with" those requirements). Nor do we discern any abuse of discretion in the Board's additional finding that Dubon Hernandez did not demonstrate prejudice flowing from her former attorney's alleged ineffective representation. *See In re Melgar*, 28 I. & N. Dec. 169, 171 (B.I.A. 2020) (discussing prejudice requirement for reopening based on an attorney's alleged ineffective representation).

2

Accordingly, we deny the petition for review.  *See In re Dubon Hernandez* (B.I.A. July 10, 2023).  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*