NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 1 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| AROLDO RODRIGUEZ DIAZ, | Nos. 19-72634 |
| | 21-70497 |
| Petitioner, | |
| | Agency No. A205-023-162 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 27, 2024**
San Francisco, California

Before: McKEOWN, TALLMAN, and LEE, Circuit Judges.

Aroldo Rodriguez Diaz, a Salvadoran national, petitions for review of two

orders from the Board of Immigration Appeals (BIA). The first order affirms an

Immigration Judge's (IJ) denial of his application for relief under the Convention

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

1

Against Torture (CAT) and rejects Rodriguez Diaz's argument that the government's violation of Department of Homeland Security (DHS) regulations warrants termination of his immigration proceedings. The second order denies his request to reopen proceedings due to ineffective assistance of counsel. We have jurisdiction under 8 U.S.C. § 1252, grant the petition, and remand.

1. In *Flores-Chavez v. Ashcroft*, this court held that when the government releases a minor from custody after serving him with a Notice to Appear (NTA), it must then additionally serve that NTA on the minor's adult custodian. 362 F.3d 1150, 1153 (9th Cir. 2004). Failure to serve the custodian constitutes a violation of DHS's internal regulations. *See* 8 C.F.R. § 236.3. That regulatory violation can be sufficiently prejudicial as to require termination of the minor's immigration proceedings if it is "egregious, meaning that it involved conscience-shocking conduct, deprived the petitioner of fundamental rights, or prejudiced the petitioner." *B.R. v. Garland*, 26 F.4th 827, 840 (9th Cir. 2022) (quoting *Sanchez v. Sessions*, 904 F.3d 643, 655 (9th Cir. 2018)).

Here, the agency did not err in concluding that Rodriguez Diaz was not prejudiced by the government's failure to serve his father. Although there is no evidence in the administrative record that the NTA was ever additionally served upon Rodriguez Diaz's father, both Rodriguez Diaz and his father still appeared at the former's first immigration hearing.

2

The agency failed, however, to consider whether the government's failure to serve Rodriguez Diaz's father constituted conscience-shocking conduct or deprived Rodriguez Diaz of fundamental rights. *B.R.*, 26 F.4th at 840. Because our review of the BIA's decision is confined to "the grounds relied upon by that agency," *Sanchez Rosales v. Barr*, 980 F.3d 716, 719 (9th Cir. 2020), we remand for the agency to consider in the first instance whether the government's failure to comply with *Flores-Chavez* warrants termination under these two additional standards.

2. To qualify for relief under CAT, a petitioner must establish that "it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 208.16(c)(2). Rodriguez Diaz argued that, due to his gang-affiliated tattoos and longtime residence in the U.S., he would likely be tortured either by Salvadoran gangs, vigilante groups, or government officials. The IJ and the BIA rejected all three theories.

The regulations implementing CAT "explicitly require" the agency to "consider all evidence relevant to the possibility of future torture." *Velasquez-Samayoa v. Garland*, 49 F.4th 1149, 1156 (9th Cir. 2022) (internal citations omitted). Although the agency is not required to "discuss each piece of evidence submitted," it must give "reasoned consideration" to any "highly probative or potentially dispositive evidence." *Cole v. Holder*, 659 F.3d 762, 771–72 (9th Cir. 2011). If the agency "rejects expert testimony, it must state in the record why the testimony was

3

insufficient to establish the probability of torture." *Velasquez-Samayoa*, 49 F.4th at 1156 (quoting *Castillo v. Barr*, 980 F.3d 1278, 1283 (9th Cir. 2020)).

Here, Rodriguez Diaz submitted an expert declaration that analyzed his immigration proceeding materials and concluded Rodriguez Diaz would "clearly more likely than not" be "identified as a gang member" in El Salvador and targeted "by both gang members and the police." Because that declaration both "provide[s] information specific to [the petitioner]" and "offer[s] an opinion as to [the petitioner's] particular likelihood of torture if removed," it is exactly the sort of highly probative evidence meriting the agency's explicit consideration. *Hernandez v. Garland*, 52 F.4th 757, 771 (9th Cir. 2022). But although the BIA acknowledged that Rodriguez Diaz submitted expert testimony, it never stated any reason on the record for rejecting that testimony and denying his CAT claim.

We thus remand for the agency to reassess the risk that Rodriguez Diaz will be tortured if removed to El Salvador, with proper consideration given to his expert declaration. Because Rodriguez Diaz presents three distinct theories of torture, the agency should also bear in mind on remand that it must "consider the aggregate risk" that Rodriguez Diaz would face from "all possible sources of torture" when evaluating his CAT claim. *Cole*, 659 F.3d at 775.

3.      After Rodriguez Diaz's CAT claim was denied, he moved to reopen his removal proceedings with the BIA, which the BIA denied. Rodriguez Diaz's counsel

4

then missed the deadline to petition for review of that decision to this Court. Counsel subsequently filed a second motion to reopen, seeking reissuance of the BIA's decision to facilitate a timely appeal. In the second motion to reopen, counsel noted that Rodriguez Diaz had not filed a complaint against her before the state bar because Rodriguez Diaz intended to continue the representation for financial reasons. The BIA again denied reopening, stating that Rodriguez Diaz had failed to comply with *In re Lozada*, 19 I. & N. Dec. 637 (BIA 1988), as interpreted in *Matter of Melgar*, 28 I. & N. Dec. 169 (BIA 2020).

In *Lozada*, the BIA established procedural requirements for a motion to reopen based on ineffective assistance of counsel. 19 I. & N. Dec. at 637. *Lozada*'s third requirement is that "the motion should reflect whether a complaint has been filed with appropriate disciplinary authorities regarding [the allegedly defective] representation, and if not, why not." *Id.* at 639. In the past, this circuit has interpreted that requirement flexibly and did not require a petitioner to "file a complaint" where "there is no suggestion of collusion" between the petitioner and his attorney. *Lo v. Ashcroft*, 341 F.3d 934, 938 (9th Cir. 2003).

The BIA, however, altered that approach in *Matter of Melgar*, 28 I. & N. Dec. 169 (BIA 2020). There, as in *Lo*, the petitioner's purportedly ineffective attorney subsequently represented the petitioner in a motion to reopen based on his own prior ineffective assistance. *Id.* at 170. Counsel reasoned that because he had "taken

5

responsibility for the error and the error [was] clear," the petitioner did not have to file a bar complaint. *Id*. But the BIA refused to accept such a "self-serving" explanation. *Id*. at 171. Reporting requirements, the BIA reasoned, "allow[] disciplinary authorities to assess whether there is a pattern of misconduct that should be addressed." *Id*. at 170.

Here, Rodriguez Diaz filed his motion to reopen in August 2020—several months before the BIA published *Melgar*. While BIA decisions can apply retroactively, any potential retroactivity turns on whether the petitioner could "reasonably have anticipated the change in the law." *Szonyi v. Barr*, 942 F.3d 874, 894 (9th Cir. 2019) (citation omitted). We grant this petition and remand to the agency to determine whether petitioner reasonably could have anticipated *Melgar*'s change in law under the facts here.

**GRANTED and REMANDED**.