Escobar v. Garland

BIA
A204 787 573

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of August, two thousand twenty-four.

PRESENT:
> JON O. NEWMAN,
> JOSEPH F. BIANCO,
> ALISON J. NATHAN,
> > *Circuit Judges.*

_____

HECTOR MANUEL ESCOBAR,
> *Petitioner,*

v.

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

22-6411
NAC

**FOR PETITIONER:**           Jon E. Jessen, Law Offices of Jon E. Jessen, LLC, Stamford, CT.

**FOR RESPONDENT:**        Brian M. Boynton, Principal Deputy Assistant Attorney General; Anna E. Juarez, Senior Litigation Counsel; Jonathan S. Needle, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Hector Manuel Escobar, a native and citizen of Guatemala, seeks review of a July 28, 2022, decision of the BIA denying his motion to reopen his removal proceedings. *In re Hector Manuel Escobar*, No. A204 787 573 (B.I.A. July 28, 2022). We assume the parties' familiarity with the underlying facts and procedural history.

Our review of cancellation of removal, including a motion to reopen to apply for cancellation of removal, is limited to constitutional claims and questions of law. *See* 8 U.S.C. § 1252(a)(2)(B)(i), (D); *Paucar v. Garland*, 84 F.4th 71, 79–80 (2d Cir. 2023). An ineffective assistance claim is a reviewable constitutional claim, and we review questions of law de novo, including the application of law to

established facts, and whether the agency applied the correct legal standards or mischaracterized the evidence. *Wilkinson v. Garland*, 601 U.S. 209, 221–22, 225 (2024); *Paucar*, 84 F.4th at 80. However, we cannot reach underlying factual determinations such as "factfinding on credibility, the seriousness of a family member's medical condition, or the level of financial support a noncitizen currently provides." *Wilkinson*, 601 U.S. at 225.

"To demonstrate ineffective assistance of counsel, [a movant] must show that counsel's performance 'fell below an objective standard of reasonableness' and that he was prejudiced as a result of such deficient performance." *Paucar*, 84 F.4th at 80 (quoting *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984)). The sole issue here is prejudice. "To establish prejudice in this context, [Escobar] must show that, 'but for counsel's unprofessional errors,' there is a 'reasonable probability' the IJ would have granted the relief." *Id.* (quoting *Matter of Melgar*, 28 I. & N. Dec. 169, 171 (B.I.A. 2020)).

The agency did not err in finding that Escobar failed to demonstrate prejudice because he did not establish a reasonable probability that the IJ would have granted relief. A nonpermanent resident like Escobar may have his removal cancelled if, in relevant part, he can "establish[] that removal would result in

3

exceptional and extremely unusual hardship to [his] spouse . . . or child, who is a citizen of the United States." 8 U.S.C. § 1229b(b)(1). Although he initially applied for cancellation of removal based on hardship to both his U.S. citizen wife and U.S. citizen children, he was separated from his wife and moved to reopen based only on hardship to his children. The hardship to the qualifying relative "must be substantially beyond the ordinary hardship that would be expected when a close family member leaves this country." *In re Monreal-Aguinaga*, 23 I. & N. Dec. 56, 62 (B.I.A. 2001) (quotation marks omitted). Relevant factors include "the ages, health, and circumstances" of the qualifying relatives. *Id.* at 63. A "strong applicant might have a qualifying child with very serious health issues, or compelling special needs in school." *Id.*

Escobar argues that the agency "did not consider the impact of separation on the children especially since he was a proactive father," and that it failed to review the medical records of his daughter, who suffers from asthma, anemia, and anxiety. He also states that the agency applied the wrong legal standard. He argues that his counsel was ineffective for "fail[ing] to provide evidence (i.e., psychological report)" on how his children would suffer in his absence, for failing

4

to file an appellate brief, and for failing to note for the IJ that his daughter suffered from anemia and anxiety, and his son from depression.

Escobar has not established error in the BIA's conclusion that he failed to establish prejudice. The BIA did not apply a heightened hardship standard. It cited the relevant standard, that the hardship must be "substantially beyond" that ordinarily associated with a person's ordered departure. *In re Monreal-Aguinaga*, 23 I. & N. at 62.

Further, the BIA addressed the evidence presented with the motion to reopen. The BIA explicitly considered a letter from a school administrator that Escobar's son had exhibited depression at age 10 and his daughter's medical records. The letter stated that "[his son] was a regular, well-adjusted 10-year-old until he received word that his father was facing deportation. At that time, [he] became depressed, agitated, aggressive, and withdrawn from his peers and surroundings." His daughter's medical records reflected that she had reported or exhibited symptoms of anxiety for which counseling was encouraged, and had been diagnosed with, and been prescribed medication for, anemia and asthma. The BIA reasoned that Escobar did not have medical evidence to corroborate his son's depression and that the IJ had already considered that his son was depressed

5

and would suffer emotional hardship from his removal. Essentially, the BIA found that Escobar had not presented new evidence that his son suffered from a serious medical condition; that factual determination regarding seriousness is not subject to judicial review. *See Wilkinson*, 601 U.S. at 222. Similarly, as to his daughter's asthma, the BIA concluded that Escobar had not shown how his removal would affect her condition or how it would constitute hardship. Again, this factual determination that the condition was not shown to be sufficiently serious is not reviewable. *Wilkinson*, 601 U.S. at 222. Moreover, the record does not suggest that the BIA "totally overlooked" or "seriously mischaracterized" any facts or evidence about his daughter's conditions. *Mendez v. Holder*, 566 F.3d 316, 323 (2d Cir. 2009). The BIA did not comment on Escobar's daughter's anemia and anxiety, which are noted in the same medical records, but it was not required to do so, particularly as his brief in support of his motion to reopen mentioned only his daughter's asthma and did not identify or argue that her anemia or anxiety were serious conditions. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008) (holding that the BIA is not required to "expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner" (quotation marks omitted)); *Xiao Ji Chen v. U.S. Dep't of Just.*, 471 F.3d 315, 336 n.17

6

(2d Cir. 2006) ("presum[ing] that [the agency] has taken into account all of the evidence . . . unless the record compellingly suggests otherwise").

While we may review whether the BIA erred in finding that the "established facts" failed to demonstrate "exceptional and extremely unusual hardship," absent the minimal additional evidence of the children's medical conditions, there was no evidence that would change the IJ's hardship determination. As noted above, the BIA did not ignore or mischaracterize evidence of the children's health. Escobar did not allege that his children had "compelling special needs in school" in the United States. *In re Monreal-Aguinaga*, 23 I. & N. Dec. at 62. Nor did he present additional evidence of financial hardship. In sum, the BIA did not err in concluding that Escobar failed to show a reasonable probability that the outcome would have been different if former counsel had presented the additional medical evidence before the IJ. *See Paucar*, 84 F.4th at 80.

Finally, to the extent Escobar argues that he was deprived of due process, he simply states that the BIA's decision deprived him of an opportunity to present his case. As set forth above, the BIA considered the arguments and evidence presented with his motion to reopen, and Escobar has not otherwise specified how the BIA deprived him of due process.

For the foregoing reasons, the petition for review is DENIED.   All pending

motions and applications are DENIED and stays VACATED.

> FOR THE COURT:
> Catherine O'Hagan Wolfe,
> Clerk of Court