# Matter of D-E-B-, Respondent

*Decided by Board February 4, 2025*[1]

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

  A supplemental filing to a motion to reopen that raises claims that are fundamentally different from those raised in the original motion is treated as a separate motion.

FOR THE RESPONDENT:  Lauren C. Picciallo, Esquire, Newark, New Jersey

BEFORE:  Board Panel:  MALPHRUS, Deputy Chief Appellate Immigration Judge, GOODWIN and CLARK, Appellate Immigration Judges.

GOODWIN, Appellate Immigration Judge:

  This matter was last before the Board on July 30, 2021, when we dismissed the respondent's appeal of the Immigration Judge's February 10, 2021, decision denying his application for cancellation of removal under section 240A(b)(1) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1229b(b)(1) (2018) ("EOIR 42B").  The respondent, a native and citizen of Jamaica, has moved to reopen his proceedings.  The Department of Homeland Security ("DHS") has not responded to the motion.  The motion will be denied.

  A motion to reopen requires both a showing of prima facie eligibility for relief and the proffer of material evidence that was unavailable and could not have been discovered or presented at the former hearing.  *See Matter of Coelho*, 20 I&N Dec. 464, 472 (BIA 1992).  The respondent asserts that reopening is warranted, arguing that new, previously unavailable evidence shows that (1) his counsel before the Immigration Judge offered ineffective assistance; (2) he has a qualifying relative for purposes of cancellation of removal; and (3) he is prima facie eligible for relief under the Violence

---

[1]  Pursuant to Order No. 6275-2025, dated May 23, 2025, the Attorney General designated the Board's decision in *Matter of D-E-B-* (BIA Feb. 4, 2025), as precedent in all proceedings involving the same issue or issues.  *See* 8 C.F.R. § 1003.1(g)(3) (2025). Editorial changes have been made consistent with the designation of the case as a precedent.

Against Women Act ("VAWA") due to spousal abuse occurring after his merits hearing. The motion will be denied.[2]

To summarize the relevant personal and procedural history, the record reflects the respondent was admitted to the United States on April 4, 2008, as a nonimmigrant visitor. The respondent's United States citizen daughter was born on August 5, 2011, to a woman named Ms. S. The respondent then married a woman named Ms. G on November 3, 2012. The respondent applied to adjust status based on Ms. G's approved Petition for Alien Relative filed on his behalf, but the couple divorced on July 16, 2018, and United States Citizenship and Immigration Services ("USCIS") subsequently denied the respondent's application.

The respondent was placed in removal proceedings on August 31, 2020, after being arrested for harassment. On February 10, 2021, the Immigration Judge denied his EOIR 42B application after finding he lacked good moral character, had not established his claimed daughter was a qualifying relative or would experience exceptional and extremely unusual hardship upon his removal to Jamaica, and did not merit relief from removal in the exercise of discretion. The record reflects the respondent and Ms. G reunited during his removal proceedings and remarried on May 22, 2021. On July 30, 2021, we affirmed the Immigration Judge's hardship and discretion determinations on appeal.

The respondent filed a timely motion to reopen on October 27, 2021, arguing that his attorney offered ineffective assistance, and that new evidence establishes that he is the biological father of his daughter. *See* 8 C.F.R. § 1003.2(c)(2) (2025). The motion also requested that we remand the record for the respondent to adjust status and pursue a new EOIR 42B application based on his remarriage to Ms. G. On February 6, 2023, the respondent filed a "supplement" to the October 27, 2021, motion, withdrawing his EOIR-42B cancellation of removal claim based on his marriage to Ms. G and instead requesting a remand for consideration of his eligibility for either adjustment of status or cancellation of removal pursuant to VAWA, with supporting evidence purporting to show Ms. G abused him during both their first and

---

[2] We note the respondent cites several unpublished Board decisions to support his arguments. These decisions are not binding precedent and are premised on specific factual scenarios, which are unavailable for review and pertinent only to the respondents described therein. *See Matter of D-K-*, 25 I&N Dec. 761, 764 n.2 (BIA 2012) (citing *Matter of Echeverria*, 25 I&N Dec. 512, 519 (BIA 2011)).

second marriages.[3]   On May 8, 2023, the respondent filed additional supplemental evidence in the form of a letter from USCIS dated January 11, 2023, stating that his self-petition was found to establish "a prima facie case for classification under the self-petitioning provisions of the [VAWA]."

## I.   INEFFECTIVE ASSISTANCE OF COUNSEL

The respondent first argues that his counsel before the Immigration Judge offered ineffective assistance by failing to communicate with him, adequately prepare his EOIR 42B claim, or instruct him to apply for asylum, withholding of removal, and protection under the regulations implementing the Convention Against Torture[4] based on his fear of returning to Jamaica. *See* INA §§ 208(b)(2), 241(b)(3), 8 U.S.C. §§ 1158(b)(1), 1231(b)(3) (2018). He argues that new, previously unavailable evidence submitted with his motion demonstrates his eligibility for these forms of relief and protection.

The United States Court of Appeals for the Third Circuit has held that strict adherence to the procedural steps set forth in *Matter of Lozada*, 19 I&N Dec. 637, 639 (BIA 1988), for bringing an ineffective assistance of counsel claim is not required as long as the respondent fulfills the purposes behind those steps through substantial compliance. *See Rranci v. Att'y Gen. of U.S.*, 540 F.3d 165, 173–75 (3d Cir. 2008).  However, we find the respondent has not substantially complied with the procedural requirements for his claim against his prior counsel or otherwise fulfilled the purposes behind those requirements; specifically, the respondent has not complied with or otherwise fulfilled the purposes of *Matter of Lozada*'s bar complaint requirement.  *See Matter of Lozada*, 19 I&N Dec. 637, 639 (BIA) (listing requirements), *aff'd*, 857 F.2d 10 (1st Cir. 1988).

The respondent himself did not file a bar complaint or adequately explain his failure to do so.  The respondent's motion contains a letter Ms. G wrote to the relevant disciplinary counsel dated December 30, 2020, in which she alleges respondent's prior counsel demanded additional fees but did not file a complete EOIR 42B and failed to adequately communicate with her or the respondent.  While we acknowledge the respondent is illiterate, there is no evidence that the disciplinary counsel was ever given the respondent's own

---

[3]   We grant the respondent's request to withdraw the section of his October 27, 2021, motion to reopen in order to adjust status and apply for cancellation of removal based on his marriage to Ms. G.

[4]   The Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, Dec. 10, 1984, S. Treaty Doc. No. 100-20, 1465 U.N.T.S. 85 (entered into force for United States on Nov. 20, 1994).

account of the relevant facts of his prior counsel's representation, and neither the respondent's nor Ms. G's affidavit accompanying the motion describe his involvement, if any, in drafting the letter. We note the respondent's affidavit raises allegations against his prior counsel that are not asserted in Ms. G's letter, including that his prior counsel did not advise him to apply for fear-based relief. The record does not indicate that the disciplinary counsel was made aware of these allegations.

Further, on October 1, 2021, a disciplinary counsel representative emailed the respondent's present counsel requesting additional documents and information by October 7, 2021, to aid in their investigation of prior counsel. However, neither the respondent's October 27, 2021, motion nor his February 6, 2023, supplement reflect whether counsel responded to this request for information, or if not, why not. *See Matter of Lozada*, 19 I&N Dec. at 639 (requiring that an alien explain whether a bar compliant was filed). A central purpose of the bar complaint requirement is to allow disciplinary authorities to assess whether a pattern of attorney misconduct exists and needs to be addressed. *Matter of Melgar*, 28 I&N Dec. 169, 170 (BIA 2020). Here, the respondent has not adequately explained whether he aided in this purpose. *See Matter of Rivera*, 21 I&N Dec. 599, 603, 606–07 (BIA 1996) (confirming that a respondent must adequately explain his or her compliance with the bar complaint requirement, and explaining that an absent or inadequate explanation in this regard "minimize[s] significantly the questions raised by the attorney's apparent misconduct" to the extent where we may decline to grant a motion), *aff'd*, 122 F.3d 1062 (4th Cir. 1997); *see also Matter of Melgar*, 28 I&N Dec. at 170 (noting that "*Matter of Lozada* did not hold that any . . . explanation" would satisfy the bar complaint requirement).

Based on the foregoing, we do not find that reopening is warranted because of the respondent's claimed ineffective assistance of counsel. *See Zivku v. Att'y Gen. of U.S.*, 811 F. App'x 123 (3d Cir. 2020) (explaining Board has "wide-ranging discretion" to dismiss ineffective assistance of counsel claims based on *Matter of Lozada* (quoting *Lu v. Ashcroft*, 259 F.3d 127, 133 (3d Cir. 2001))); *Lu*, 259 F.3d at 132–33 (3d Cir. 2001) (upholding the general requirements of *Matter of Lozada* as a reasonable exercise of the Board's discretion, while cautioning against its "strict, formulaic interpretation").

## II.  EOIR 42B APPLICATION

With respect to the respondent's application for cancellation of removal based on his relationship to his United States citizen daughter, the only new

evidence submitted with his motion that was previously unavailable at the time of our final administrative decision is a paternity test dated July 30, 2021, establishing that he is the biological father of his United States citizen daughter.  *See* INA § 240A(b)(1)(D), 8 U.S.C. § 1229b(b)(1)(D) (2018) (requiring a showing of hardship to a United States citizen or lawful permanent resident spouse, parent, or child).  However, the respondent has not shown this evidence is material or would change the result in this case because the Immigration Judge below determined—and we affirmed on appeal—that even assuming he had established his daughter's paternity, his removal would not cause her exceptional and extremely unusual hardship.  *See Matter of Coelho*, 20 I&N Dec. 464, 472–73 (BIA 1992) (explaining a movant bears the "heavy burden" to establish prima facie eligibility for the relief sought).  Further, the respondent's additional "new" evidence was previously available at the time of the February 2021 merits hearing and merely corroborates his testimony concerning his daughter's claimed financial, educational, and emotional hardships, which the Immigration Judge fully considered but found to be the kind expected from a parent's removal. *See Matter of Recinas*, 23 I&N Dec. 467, 472 (BIA 2002) (holding that hardship factors must be assessed cumulatively); *Matter of Monreal*, 23 I&N Dec. 56, 65 (BIA 2001) (holding that the hardship must be substantially beyond that which would normally be expected).

Further, the respondent's motion does not address the Immigration Judge's denial of this relief in the exercise of discretion.  *See* INA §§ 240(c)(4)(A)(ii), 240A(b)(1), 8 U.S.C. §§ 1229a(c)(4)(A)(ii), 1229b(b)(1) (2018).  We note that the Immigration Judge alternatively considered the respondent's daughter as a positive factor in the discretionary analysis despite the question of paternity and determined that the negative factors in the respondent's case outweighed the positive.  As such, reopening for reconsideration of his EOIR 42B application is not warranted because the respondent has not established his prima facie eligibility for this relief.  *See Matter of Chen*, 28 I&N Dec 676, 682 (BIA 2023).  Accordingly, we need not assess whether the respondent's new evidence purporting to establish his good moral character warrants reopening.  *See* INA § 240A(b)(1)(B), 8 U.S.C. § 1229b(b)(1)(B); *INS v. Bagamasbad*, 429 U.S. 24, 25–26 (1976) (stating courts and agencies generally do not need to make findings or decisions on issues that are unnecessary to the results reached).

## III.    VAWA RELIEF

The respondent also claims reopening is warranted because the evidence and argument presented in his February 6, 2023, "supplement" to his October 27, 2021, motion to reopen show he has become prima facie eligible

to self-petition for adjustment of status and apply for cancellation of removal as the battered spouse of a United States citizen since the time of his merits hearing. *See* INA § 204(a)(1)(A)(iii), 8 U.S.C. § 1154(a)(1)(A)(iii) (2018); 8 C.F.R. § 204.2(c) (2025) (adjustment of status); *see also* INA § 240A(b)(2)(A), 8 U.S.C. § 1229b(b)(2)(A) (cancellation of removal).

A respondent may file one motion to reopen proceedings, "except that this limitation shall not apply so as to prevent the filing of one motion to reopen described in" section 240(c)(7)(C)(iv) of the INA, 8 U.S.C. § 1229a(c)(7)(iv), including if the basis for the motion is to apply for relief under VAWA. INA § 240(c)(7)(A), 8 U.S.C. § 1229a(c)(7)(A). A motion to reopen based on a VAWA self-petition is considered timely if the petition is filed within 1 year of the final administrative order of removal. INA § 240(c)(7)(C)(iv)(III), 8 U.S.C. § 1229a(c)(7)(C)(iv)(III).

The Board entered the final administrative order in these proceedings on July 30, 2021, and the respondent timely moved to reopen this decision on October 27, 2021. The respondent filed a "supplement" requesting VAWA relief on February 6, 2023, over 18 months after our final order. The contents of these two filings are wholly unrelated. A motion claiming a respondent suffered battery or extreme cruelty by a spouse is fundamentally different from a motion claiming that spouse has petitioned for the respondent to become a lawful permanent resident or would suffer exceptional and extremely unusual hardship if the respondent were removed. Accordingly, we find the respondent's "supplemental" motion to reopen to apply for adjustment of status and cancellation of removal under VAWA is in fact a second motion to reopen that was not timely filed within 1 year of the final administrative order of removal.

We may, in the exercise of discretion, waive the time limitation on motions to reopen to apply for adjustment of status or cancellation of removal under VAWA if the respondent demonstrates extraordinary circumstances or extreme hardship to his child. INA § 240(c)(7)(C)(iv)(III), 8 U.S.C. § 1229a(c)(7)(C)(iv)(III). The respondent does not present any extraordinary circumstances for our consideration but does argue his daughter would suffer extreme hardship if he were removed. However, we will not assess the respondent's daughter's prospective hardship because we will deny his motion in the exercise of discretion. *See* 8 C.F.R. § 1003.2(a) ("The decision to grant or deny a motion to reopen or reconsider is within the discretion of the Board, subject to the restrictions of this section.").

The Board has long held that even assuming prima facie eligibility for the underlying relief sought, motions to reopen can be denied for purely

discretionary reasons, including where the record reflects either little likelihood of success on the merits or significant reasons for denying reopening based on the respondent's actions. *See Matter of Reyes*, 18 I&N Dec. 249, 253–54 (BIA 1982). The respondent has presented insufficient evidence to show a likelihood of a favorable exercise of discretion on any application for relief under VAWA in reopened proceedings. As previously mentioned, we adopted and affirmed the Immigration Judge's denial of his application for cancellation of removal in the exercise of discretion based on several negative factors, including evidence regarding his conviction for harassment, which shows he intimidated the victim by brandishing a foot-long butcher's knife. The respondent has not explained how his evidence, old and new, mitigates the significant adverse discretionary factors present in his case.

In sum, given the adverse factors in the record, we conclude reopening to apply for relief under VAWA is not appropriate in the exercise of discretion. *See INS v. Rios-Pineda*, 471 U.S. 444, 449 (1985) (holding that the Attorney General has discretion to deny a motion to reopen and in such case, need not consider statutory eligibility for the relief sought); *see also* INA § 240(c)(7)(C)(iv)(III), 8 U.S.C. § 1229a(c)(7)(C)(iv)(III). The following order will be entered.

**ORDER:** The respondent's motion to reopen is denied.

**NOTICE:** If a respondent is subject to a final order of removal and willfully fails or refuses to depart from the United States pursuant to the order, to make timely application in good faith for travel or other documents necessary to depart the United States, or to present himself or herself at the time and place required for removal by DHS, or conspires to or takes any action designed to prevent or hamper the respondent's departure pursuant to the order of removal, the respondent shall be subject to a civil monetary penalty of up to $998 for each day the respondent is in violation. *See* INA § 274D, 8 U.S.C. § 1324d (2018); 8 C.F.R. § 280.53(b)(14) (2025).