# Matter of John ARCINIEGAS-PATINO, et al., Respondents

*Decided January 17, 2025*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

   Where parties were properly served with electronic notice of the briefing schedule, a representative's failure to diligently monitor the inbox, including the spam folder, of the email address of record does not excuse a party's failure to comply with briefing deadlines.

FOR THE RESPONDENTS:  Carolina Gomez, Esquire, Los Angeles, California

BEFORE:  Board Panel:  BAIRD, OWEN, and BORKOWSKI, Appellate Immigration Judges.

BORKOWSKI, Appellate Immigration Judge:

   This matter was last before the Board on November 20, 2023, when we summarily dismissed the respondents' appeal for failure to submit a brief and to meaningfully apprise us of the reasons for the appeal.  The respondents filed a timely motion to reconsider, claiming that they did not receive notice of the briefing schedule, which was served electronically on the respondents' counsel.  The respondents' motion will be denied.

## I. FACTUAL AND PROCEDURAL HISTORY

   The respondents are natives and citizens of Colombia.  Their case was eligible for electronic filing before the Immigration Court through the Executive Office for Immigration Review's ("EOIR") electronic filing system.[1]   The respondents filed documents electronically with the Immigration Court and received electronic notice of documents issued by the Immigration Court.  On August 29, 2022, the Immigration Judge denied their applications for relief and ordered them removed.
   The respondents, through the same law firm that represented them before the Immigration Court, filed a Notice of Appeal (Form EOIR-26) in paper form with the Board of Immigration Appeals on September 21, 2022.  The Board issued a notice acknowledging receipt of the respondents' appeal, serving the parties electronically and mailing a courtesy copy of the notice.

---

[1]   The term "case eligible for electronic filing" refers to "any case before an Immigration Judge or the Board that has an electronic record of proceedings."  8 C.F.R. § 1001.1(cc) (2025).

On July 29, 2023, the Board issued a briefing schedule granting the respondents until August 21, 2023, to file a brief. The briefing schedule was served on the parties electronically. No written brief or statement was received by the filing deadline.

We summarily dismissed the respondents' appeal pursuant to paragraphs (A) and (E) of 8 C.F.R. § 1003.1(d)(2)(i) (2025) because the Notice of Appeal did not contain statements that meaningfully apprised the Board of the specific reasons underlying the challenge to the Immigration Judge's decision, and because the respondents did not file an appellate brief or explain their failure to do so. The respondents filed a timely motion to reconsider, arguing that they did not receive notice that their appeal had become an electronic record of proceedings and were expecting that the briefing schedule would be issued in paper form.

## II. EOIR'S COURTS AND APPEALS SYSTEM ("ECAS")

The final rule implementing electronic filing and records applications for all cases before the Immigration Courts and the Board went into effect on February 11, 2022. *See* Executive Office for Immigration Review Electronic Case Access and Filing, 86 Fed. Reg. 70708, 70708 (Dec. 13, 2021) (to be codified at 8 C.F.R. pts. 1001, 1003, 1103, 1208, 1240, 1245, 1246, 1292). On that date, electronic filing through ECAS became mandatory for all attorneys and accredited representatives, with limited exceptions not relevant to the instant case. *See* 8 C.F.R. §§ 1003.2(g)(4), 1003.3(g)(1), 1003.31(a) (2025). The Board and Immigration Judges, however, retained the discretion to accept paper filings. 8 C.F.R. §§ 1003.2(g)(5), 1003.3(g)(2), 1003.31(b).

To file electronically through ECAS, an attorney or accredited representative must register with eRegistry and must maintain a valid email address. *See* 8 C.F.R. § 1292.1(f) (2025); *see also* 8 C.F.R. §§ 1003.2(g)(9)(ii), 1003.3(g)(6)(ii), 1003.32(b) (2025) (discussing the requirement that ECAS participants update their eRegistry account if their email address changes). All ECAS users must also acknowledge and agree to the "terms and conditions" to participate. *See Terms and Conditions for Using ECAS Case Portal*, Exec. Off. for Immigr. Rev. (July 29, 2022), https://www.justice.gov/eoir/page/file/1370246/dl?inline. Specifically, ECAS users must agree to "service of process of EOIR-generated documents electronically through the email address provided in ECAS" and eRegistry. *Id*. "EOIR will consider service completed when the electronic notification is delivered to the last email address on file provided by the user." 8 C.F.R. §§ 1003.2(g)(9)(ii), 1003.3(g)(6)(ii), 1003.32(b).

## III. DISCUSSION

"A motion to reconsider asserts that at the time of the Board's previous decision an error was made." *Matter of Cerna*, 20 I&N Dec. 399, 402 (BIA 1991). The motion must "specify[] the errors of fact or law in a prior Board decision, and it must be supported by pertinent authority." *Matter of O-S-G-*, 24 I&N Dec. 56, 56 (BIA 2006); *accord* 8 C.F.R. § 1003.2(b)(1).

The respondents argue that the Board's prior decision rests on the factually incorrect premise that they were granted the opportunity to submit a brief or statement in support of the appeal. Specifically, the respondents argue that they expected the briefing schedule to be sent in paper form as the Notice of Appeal was filed in paper form and the appeal receipt notice from the Board was sent in paper form. While the respondents acknowledge that their counsel was served electronically with the briefing schedule, they assert that notice of the briefing schedule was delivered to their counsel's spam folder and was not seen until after the Board dismissed the appeal. They argue reconsideration is warranted because they did not receive constructive or actual notice that their appeal had become an electronic record of proceedings, and they were operating under the expectation that all future correspondence from the Board would be in paper form.

The respondents have not established any error of fact or law in our prior decision. *See Matter of O-S-G-*, 24 I&N Dec. at 56–58; 8 C.F.R. § 1003.2(b). Summary dismissal was appropriate under the circumstances presented in this case. On July 29, 2023, the Board set a briefing schedule for the respondents' appeal. *See* 8 C.F.R. § 1003.3(c)(1). This briefing schedule was available in the electronic record of proceedings, and pursuant to the regulations, the parties were sent an electronic notification of this document. *See* 8 C.F.R. § 1003.3(g)(6)(i)–(ii). The respondents were therefore properly served with the briefing schedule and provided an opportunity to file a brief. *See* 8 C.F.R. § 1003.3(g)(6)(ii). Because the respondents did not file a brief within the time provided, the Board did not err in summarily dismissing the appeal. *See* 8 C.F.R. § 1003.1(d)(2)(i)(E).

We are not persuaded by the respondents' claim that they were not provided actual or constructive notice that their case was electronic before the Board. On December 13, 2021, while the respondents were in removal proceedings before the Immigration Judge, EOIR announced through the issuance of a final rule that effective February 11, 2022, electronic filing would be mandatory before the Immigration Judge and the Board for cases eligible for electronic filing. *See* 86 Fed. Reg. at 70708, 70720–22. The instant case is a case eligible for electronic filing because it has an electronic record of proceedings. *See* 8 C.F.R. § 1001.1(cc) (2025). More importantly, the administrative record reflects that the case was eligible for electronic filing before the Immigration Judge and the respondents, represented by the

same law firm below, both filed documents electronically and received electronic service of other EOIR-generated documents.  Under these circumstances, the respondents had sufficient notice that their appeal was subject to the regulations regarding electronic service.

We are further unpersuaded by the respondents' argument that the Board's acceptance of a paper-filed Notice of Appeal created an expectation that the briefing schedule would also be in paper.  The regulations provide that "[t]he Board retains discretion to accept paper filings in all cases." 8 C.F.R. §§ 1003.2(g)(5), 1003.3(g)(2).  The Board's acceptance of a paper-filed Notice of Appeal was a matter of administrative convenience and accommodation to the parties.  *See Matter of Arambula-Bravo*, 28 I&N Dec. 388, 395 (BIA 2021) (recognizing that "[a]dministrability is important" (quoting *City of Portland v. United States*, 969 F.3d 1020, 1038 (9th Cir. 2020))).  Neither the acceptance of the paper Notice of Appeal nor providing a courtesy paper copy of the receipt notice, however, creates a future expectation that electronic notice will not be utilized.[2]  *See* 8 C.F.R. §§ 1003.2(g)(5), 1003.3(g)(2).  It also does not relieve counsel of the obligation to actively monitor the inbox, including the spam folder, of the email address on record with EOIR.[3]  *See* 86 Fed. Reg. at 70710 ("In general, representatives should vigilantly monitor their email inboxes, including any spam folders, for service notifications from EOIR, just as a person would for any important email communication.").

The respondents' counsel does not dispute that she received the email notification regarding the briefing schedule.  Additionally, counsel does not indicate what efforts she or members of her staff made to monitor incoming email, given her awareness of the pending appeal in this case.  Where parties were properly served with electronic notice of the briefing schedule, a representative's failure to diligently monitor the inbox, including the spam folder, of the email address of record does not excuse a party's failure to comply with briefing deadlines.  That the respondents' counsel did not see the briefing schedule at the time it was electronically delivered, standing alone, does not provide a sufficient basis for reconsideration of our prior decision.  In this electronic world, an attorney's obligation to monitor, check, and open emails is no different than their obligation to go to the mailbox, retrieve their paper mail, open it, and act upon it.

---

[2]  The respondents' counsel's assertion that Board staff requested counsel submit copies of the Notice of Entry of Appearance as Attorney (Form EOIR-27) to the staff member through email likewise did not create an expectation that, contrary to the regulations, the appeal would proceed in paper.

[3]  The respondents' counsel can also access briefing schedule information at any time via the ECAS portal or EOIR's Automated Case Information Line.

## IV. CONCLUSION

The administrative record reflects that the respondents were properly served electronically with the briefing schedule, and thus placed on notice of the deadline to file their appeal brief with the Board. We will therefore deny their motion to reconsider our prior decision summarily dismissing the appeal for failure to file a brief.

**ORDER:** The respondents' motion is denied.