# Matter of F-B-G-M- & J-E-M-G-, Respondents

*Decided by Board March 19, 2025*[1]

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

(1) Electronic notification of a briefing schedule sent to the email address of record is sufficient notice in a case eligible for electronic filing, regardless of whether an alien's attorney or accredited representative opens the email or accesses the document via the Executive Office for Immigration Review's Courts and Appeals ("ECAS") Case Portal.

(2) A rebuttable presumption of delivery applies when a party has been sent electronic notification of a briefing schedule through the procedures provided for in the ECAS regulations, but this presumption is weaker than the presumption that applies to documents sent by certified mail because electronic service through ECAS does not involve the use of a signed receipt or other affirmative evidence of delivery.

FOR THE RESPONDENT: Patricia Garcia Pantaleon, Esquire, Long Island City, New York

FOR THE DEPARTMENT OF HOMELAND SECURITY: Kyle T. Simpson, Associate Legal Advisor

BEFORE: Board Panel: MANN, LIEBOWITZ, and BORKOWSKI, Appellate Immigration Judges.

MANN, Appellate Immigration Judge:

This matter was last before the Board on December 18, 2023, when we summarily dismissed the respondents' appeal from the Immigration Judge's decision.[2] The respondents, natives and citizens of Guatemala, have filed a timely motion to reconsider the Board's decision. The Department of Homeland Security ("DHS") has filed a brief opposing the motion. The motion to reconsider will be denied.

These proceedings were initiated on September 10, 2021, upon the filing of the notices to appear with the Immigration Court. The respondents filed

---

[1] Pursuant to Order No. 6262-2025, dated May 12, 2025, the Attorney General designated the Board's decision in *Matter of F-B-G-M-* (BIA Mar. 19, 2025), as precedent in all proceedings involving the same issue or issues. *See* 8 C.F.R. § 1003.1(g)(3) (2025). Editorial changes have been made consistent with the designation of the case as a precedent.

[2] The respondents in this case include the lead respondent and her minor child.

applications for asylum and withholding of removal under sections 208(b)(1)(A) and 241(b)(3)(A) of the Immigration and Nationality Act ("INA"), 8 U.S.C. §§ 1158(b)(1)(A), 1231(b)(3)(A) (2018), and protection under the regulations implementing the Convention Against Torture,[3] which the Immigration Judge denied on June 9, 2022. The respondents filed a timely appeal from that decision.

In their Form EOIR-26, Notice of Appeal, the respondents indicated that they intended to file a separate written brief or statement in support of their appeal. On June 27, 2023, the Board issued a briefing schedule granting the respondents until July 18, 2023, to file a brief. No written brief or statement was received by the filing deadline. On December 18, 2023, the Board summarily dismissed the respondents' appeal pursuant to paragraphs (A) and (E) of 8 C.F.R. § 1003.1(d)(2)(i) (2025), because the Notice of Appeal did not contain statements that meaningfully apprised the Board of the specific reasons underlying the challenge to the Immigration Judge's decision, and because the respondents did not file a separate written brief or statement or explain their failure to do so.

On December 27, 2023, the respondents filed a motion to reconsider our December 18, 2023, decision summarily dismissing their appeal. On March 29, 2024, DHS filed a brief in opposition to the respondents' motion to reconsider.

A motion to reconsider "shall specify the errors of law or fact in the previous order and shall be supported by pertinent authority." INA § 240(c)(6)(C), 8 U.S.C. § 1229a(c)(6)(C) (2018); *accord* 8 C.F.R. § 1003.2(b)(1) (2025). "The moving party must specify the factual and legal issues raised on appeal that were decided in error or overlooked in our initial decision or must show how a change in law materially affects our prior decision." *Matter of O-S-G-*, 24 I&N Dec. 56, 58 (BIA 2006).

In their motion, the respondents argue that the Board erred in summarily dismissing their appeal because they did not receive sufficient notice of the briefing schedule. They assert that neither they nor their counsel received the briefing schedule by mail and that their counsel did not receive the briefing schedule either directly through email or electronically by an email notification indicating that a briefing schedule was available in the Executive Office for Immigration Review ("EOIR") electronic case management

---

[3] The Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, Dec. 10, 1984, S. Treaty Doc. No. 100-20, 1465 U.N.T.S. 85 (entered into force for the United States Nov. 20, 1994).

system, also known as the EOIR Courts and Appeals ("ECAS") Case Portal. They argue that notifications sent through ECAS do not provide sufficient notice because they do not clearly indicate that they relate to a briefing schedule and do not provide the filing deadline in either the subject line or the body of the email. They further argue that the Board failed to issue a public statement or otherwise provide adequate notice that it would no longer send briefing schedules by mail and would be using ECAS exclusively.

In its brief opposing the respondents' motion, DHS argues that the notice provided through ECAS is sufficient and that the respondents have not demonstrated that they did not properly receive the briefing schedule.

On December 13, 2021, EOIR published a final rule implementing the use of electronic filing and records applications, known as ECAS, for all cases before the Immigration Court and the Board. *See* Executive Office for Immigration Review Electronic Case Access and Filing, 86 Fed. Reg. 70708 (Dec. 13, 2021) (to be codified at 8 C.F.R. pts. 1001, 1003, 1103, 1208, 1240, 1245, 1246, 1292). The rule went into effect on February 11, 2022. *Id*. at 70708. On that date, electronic filing through ECAS became mandatory for attorneys and accredited representatives appearing before the Board in all cases eligible for electronic filing.[4] *See* 8 C.F.R. §§ 1003.2(g)(4), 1003.3(g)(1), 1003.31(a) (2025). To electronically file through ECAS, users must register with EOIR through eRegistry,[5] log in to the ECAS Case Portal system, and accept the Terms and Conditions for electronic filing. *ECAS User Manual*, Exec. Off. for Immigr. Rev. 1 (Sept. 25, 2022), https://www.justice.gov/eoir/page/file/1300086/dl. Under the ECAS Terms and Conditions, users agree to maintain a valid email address in ECAS and to "[a]ccept service of process of EOIR-generated documents electronically through the email address provided in ECAS." *See Terms and Conditions for Using ECAS Case Portal*, Exec. Off. for Immigr. Rev. 1 (July 29, 2022), https://www.justice.gov/eoir/page/file/1370246/dl.

---

[4] "The term *case eligible for electronic filing* means any case that DHS seeks to bring before an immigration court after EOIR has formally established an electronic filing system for that court or any case before an immigration court or the Board . . . that has an electronic record of proceeding." 8 C.F.R. § 1001.1(cc) (2025). The present case has an electronic record of proceeding.

[5] This is a mandatory electronic registry for all attorneys and accredited representatives who practice before Immigration Judges or the Board. *See* 8 C.F.R. § 1292.1(f) (2025); *see also* Registry for Attorneys and Representatives, 78 Fed. Reg. 19400 (Apr. 1, 2013) (to be codified at 8 C.F.R. pt. 1292).

Unlike service by traditional mail, where legal representatives receive documents delivered at their office, ECAS users receive an electronic notification via email when a document has been added to the electronic record of proceeding. The subject line of the email contains the respondent's last name and the last 3 digits of the alien number. The body of the email advises the recipient of the type of notice that was sent, the full name and alien number, and other information pertaining to the case. The document can then be accessed through the ECAS Case Portal. EOIR will consider service of a document completed when the electronic notification is delivered to the last email address on file provided by the user. *See* 8 C.F.R. §§ 1003.2(g)(9)(ii), 1003.3(g)(6)(ii), 1003.32(b).

We conclude that a briefing schedule served electronically through the process described above provides the parties with sufficient notice. *See Matter of Arciniegas-Patino*, 28 I&N Dec. 883, 885 (BIA 2025) (concluding that a respondent who received an electronic notification of a briefing schedule available in the electronic record of proceeding was properly served with the briefing schedule). As the respondents argue, notice and an opportunity to be heard are fundamental requirements of due process. *See, e.g.*, *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950). Due process requires that the information be provided in a manner "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action" and afford them an opportunity to present their objections." *Id.*

We observe that similar methods of electronic service are in use by other court systems and have not been found to violate due process. *See, e.g.*, Fed. R. Civ. P. 5(b)(2)(E) (providing for service "by filing [a document] with the court's electronic-filing system or sending it by other electronic means that the person consented to in writing"); Fed. R. App. P. 25(c)(2), (4); *see also Rio Props., Inc., v. Rio Int'l Interlink*, 284 F.3d 1007, 1017–18 (9th Cir. 2002) (upholding the use of email as an alternative means of service and noting that "the Constitution does not require any particular means of service of process, only that the method selected be reasonably calculated to provide notice and an opportunity to respond.").

When the Board issues a briefing schedule in a case eligible for electronic filing, the electronic notification sent to the email address provided by an alien's attorney or accredited representative is reasonably calculated to apprise them that the briefing schedule has been added to the ECAS Case Portal and provide them an opportunity to present their appellate arguments to the Board. We are not persuaded by the respondents' argument that such electronic notifications do not provide sufficient notice because they do not

contain the briefing deadline in the subject line or body of the email message or because the notifications for EOIR-generated documents are not distinguishable from the notifications received when filings are made in ECAS by the opposing party.

When a party is served with a briefing schedule through the mail, the outside of the envelope does not identify the document or provide details, such as the filing deadline. The recipient must open the envelope to view the document. Similarly, practitioners who receive service through an electronic notification must log in to the ECAS Case Portal to view the briefing schedule. The respondents' arguments do not persuade us that this process is so cumbersome as to render notice of the briefing schedule ineffective.

The electronic notification sent to the parties informs them it is from EOIR, and the subject line includes the alien's last name and the last three digits of their alien number. As noted previously, the nature of the document that was added to the ECAS Case Portal and other information pertinent to the case is in the body of the email. It is the responsibility of any attorney or accredited representative appearing before the Board to review all documents served through ECAS, regardless of whether the documents are EOIR-generated or filed by the opposing party. *See* 8 C.F.R § 1003.38(g)(1)(ii) (stating that a practitioner who enters an appearance on behalf of a respondent in proceedings before the Board must accept service of process of all documents filed in the proceedings).

We further conclude that electronic notification of a briefing schedule sent to the email address of record is sufficient notice in a case eligible for electronic filing, regardless of whether an alien's attorney or accredited representative opens the email or accesses the document via the ECAS Case Portal. *See Matter of Arciniegas-Patino*, 28 I&N Dec. at 885–86 (concluding that a respondent was properly served with a briefing schedule even though the electronic notification of the document was delivered to his counsel's spam folder); *see also Matter of G-Y-R-*, 23 I&N Dec. 181, 186–87 (BIA 2001) (recognizing that constructive notice may be sufficient in circumstances where it comports with the requirements of applicable statutes and the expectations of due process).

Given the recent implementation of ECAS, the Board has not yet addressed the burden of proof or evidentiary standards that apply when a party challenges the sufficiency of electronic service through the ECAS Case Portal. Both the INA and relevant regulations are silent on this matter. Courts addressing similar circumstances have found a presumption of delivery applies to electronically served documents.

*See, e.g.*, *Am. Boat Co., Inc. v. Unknown Sunken Barge*, 418 F.3d 910, 914 (8th Cir. 2005) (holding that a rebuttable presumption of delivery should apply to emails sent by a district court's case management and electronic case filing system).

While not directly applicable to the present circumstances, the Board has previously addressed the presumption of delivery that applies when documents are served by mail. In *Matter of Grijalva*, 21 I&N Dec. 27, 37 (BIA 1995), we held that when service of a notice of a deportation proceeding is sent by certified mail through the United States Postal Service and there is proof of attempted delivery and notification of certified mail, a strong presumption of effective service arises. Rebutting this presumption requires "substantial and probative evidence such as documentary evidence from the Postal Service, third party affidavits, or other similar evidence demonstrating that there was improper delivery or that nondelivery was not due to the respondent's failure to provide an address where he could receive mail." *Id*.

In *Matter of M-R-A-*, 24 I&N Dec. 665, 673 (BIA 2008), we held that there is also a presumption of delivery when a notice to appear or notice of hearing is properly addressed and sent by regular mail according to normal office procedures, but it is weaker than the presumption that applies to documents sent by certified mail. All relevant evidence submitted to overcome this weaker presumption of delivery must be considered. *Id*. at 673–74. Immigration Judges may consider a number of factors, including but not limited to factors such as affidavits from the respondent and others who are knowledgeable about whether notice was received, whether due diligence was exercised in seeking to redress the situation, any prior applications for relief that would indicate an incentive to appear, and the respondent's prior appearance at immigration proceedings, if applicable. *Id*. at 674.

As with documents served through the mail, a rebuttable presumption of delivery applies when a party has been sent electronic notification of a briefing schedule through the procedures provided for in the ECAS regulations, but this presumption is weaker than the presumption that applies to documents sent by certified mail because electronic service through ECAS does not involve the use of a signed receipt or other affirmative evidence of delivery.

We conclude that all relevant facts and evidence should be considered in determining whether a party has rebutted this presumption. *Cf. id.* (explaining that an "inflexible and rigid application of the presumption of delivery" is not appropriate for documents served by regular mail). Factors

may include, but are not limited to: (1) whether the briefing schedule was uploaded to ECAS and an email notification was sent to the last email address provided; (2) whether the claim of nonreceipt is supported by affidavits or declarations made under penalty of perjury; (3) whether such affidavits or declarations are based on personal knowledge of the relevant facts; (4) whether the attorney or accredited representative has complied with the procedures for updating his or her email address; (5) whether the opposing party received the email notification; and (6) any other circumstances indicating possible nonreceipt. Ultimately each case must be evaluated based on its own particular circumstances and evidence. Relevant evidence may include affidavits, screenshots, and other records from the practitioner's firm or office pertaining to work on the case. We caution, however, that in most cases a bare denial of receipt will not be sufficient to rebut the presumption of delivery.

We have fully considered the respondents' claims set forth in their motion, including their claim that their counsel's office was experiencing difficulty with mail delivery starting in June 2023. In the present case, administrative records reflect that the briefing schedule was properly served on the respondents on June 27, 2023, through an electronic notification sent to the email address provided by their counsel. The sole evidence submitted with the respondents' motion is an affirmation from counsel. Counsel states that she was unable to locate that electronic notification after a thorough search of her email, but she does not dispute that it was sent or received. The evidence submitted by counsel, without more, is insufficient to rebut the presumption that the electronic notification was delivered to counsel's email inbox.

We are unpersuaded by the respondents' claim that they did not receive proper notice of the briefing schedule because the Board did not issue a public statement or otherwise provide notice that it would no longer send briefing schedules through the mail. As previously discussed, this change in process was announced on December 13, 2021, and has been in effect since February 11, 2022. 86 Fed. Reg. at 70708. The respondents assert that the Board has at times continued to send briefing schedules through the mail beyond February 11, 2022.[6] However, any actions taken by the Board as a courtesy in other cases would not create a reasonable expectation that the

---

[6]  In a written affirmation submitted with the motion, the respondents' counsel states that it had been the Board's customary practice to serve briefing schedules by mail even after full implementation of ECAS on February 11, 2022. However, counsel does not identify any specific cases in which this practice occurred and does not allege that the Board failed to serve the briefing schedules electronically in any of those cases.

briefing schedule in the present case would be served by mail or relieve counsel of her obligation to actively monitor her email inbox.[7] *See* 86 Fed. Reg. at 70710 ("In general, representatives should vigilantly monitor their email inboxes, including any spam folders, for service notifications from EOIR, just as a person would for any important email communication."). Similarly, that the Board continues to send courtesy copies of its final decisions to respondents themselves through the mail has no bearing on the propriety of using electronic service for briefing schedules in cases where it is appropriate.

For the reasons discussed above, the respondents have not identified errors of fact or law in the Board's December 18, 2023, decision summarily dismissing their appeal. The electronic notification sent to the respondents' counsel provided sufficient notice to the respondents that their brief was due on or before July 18, 2023. Because no written brief or statement was received by the filing deadline—and because the Notice of Appeal did not contain statements that meaningfully apprise the Board of the specific reasons for the appeal—summary dismissal of the appeal was appropriate. *See* 8 C.F.R. §1003.1(d)(2)(i)(A), (E).

Finally, the respondents have not shown that their untimely filed appellate brief should be accepted under the principles of equitable tolling. Equitable tolling is not intended as a general remedy for untimely filings and requires a party to demonstrate both diligence and an extraordinary circumstance that prevented timely filing. *See Holland v. Florida*, 560 U.S. 631, 649 (2010); *see also Matter of Morales-Morales*, 28 I&N Dec. 714, 717 (BIA 2023) (applying the equitable tolling framework set forth in *Holland* in the context of an untimely appeal). We are unpersuaded by the respondents' argument that the novelty of ECAS and the fact that their counsel was moving office locations constitute extraordinary circumstances that prevented timely filing of their brief. The respondents have not shown that their counsel's office move prevented counsel from checking email or from timely filing the brief. Moreover, while we acknowledge that ECAS is a new system and represents a departure from prior practices, a party's lack of familiarity with the ECAS notification procedures does not constitute an extraordinary circumstance warranting equitable tolling of the filing deadline.

---

[7] We note that the respondents were represented by current counsel before the Immigration Judge. The record reflects that the respondents, through counsel, received electronic service of multiple documents during the proceedings below.

For the foregoing reasons, the respondents' motion to reconsider will be denied.

**ORDER:**  The respondents' motion to reconsider is denied.

**FURTHER ORDER:**   The respondents' request to accept their untimely brief is denied.

**NOTICE:**  If a respondent is subject to a final order of removal and willfully fails or refuses to depart from the United States pursuant to the order, to make timely application in good faith for travel or other documents necessary to depart the United States, or to present himself or herself at the time and place required for removal by DHS, or conspires to or takes any action designed to prevent or hamper the respondent's departure pursuant to the order of removal, the respondent shall be subject to a civil monetary penalty of up to $998 for each day the respondent is in violation.  *See* INA § 274D, 8 U.S.C. § 1324d (2018); 8 C.F.R. § 280.53(b)(14) (2025).