NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SARA ORTIZ-ORDONEZ; ELSY
RODRIGUEZ-ORTIZ,

Petitioners,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 24-2728

Agency Nos.
A220-501-968
A220-489-753

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 3, 2025**
San Francisco, California

Before: HURWITZ, KOH, and JOHNSTONE, Circuit Judges.

Sara Ortiz-Ordoñez and her minor daughter (collectively, "Petitioners")

petition for review of a decision of the Board of Immigration Appeals ("BIA")

denying their motions to reconsider and reopen. The BIA previously dismissed

Petitioners' appeal of a decision of an Immigration Judge ("IJ") denying their

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel previously granted the parties' joint motion to submit this
case without oral argument. Dkt. No. 27.

applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252(a)(1) and deny the petition.

We review the BIA's denial of a motion to reconsider and a motion to reopen for abuse of discretion. *Man v. Barr*, 940 F.3d 1354, 1355–56 (9th Cir. 2019). "The BIA abuses its discretion when it acts 'arbitrarily, irrationally, or contrary to the law.'" *Movsisian v. Ashcroft*, 395 F.3d 1095, 1098 (9th Cir. 2005) (quoting *Lainez–Ortiz v. INS,* 96 F.3d 393, 395 (9th Cir.1996)).

1. A motion to reconsider must be filed within thirty days of the agency's final administrative decision. 8 U.S.C. § 1229a(c)(6)(B). Petitioners' motion to reconsider was filed three days after the thirty-day deadline. That deadline can be equitably tolled "when a petitioner is prevented from filing because of deception, fraud, or error, as long as the petitioner acts with due diligence in discovering the deception, fraud, or error." *Iturribarria v. I.N.S.*, 321 F.3d 889, 897 (9th Cir. 2003). But to support a motion to reconsider, a party must provide a statement of its "arguments regarding the BIA's alleged errors and 'pertinent authority.'" *Id.* at 895 (quoting 8 C.F.R. § 3.2(b)(1)). Petitioners failed to identify legal error in the BIA's prior decision issued on October 12, 2023. *See Nolasco-Amaya v. Garland*, 14 F.4th 1007, 1012 (9th Cir. 2021) (a party must "'provide meaningful guidance to the BIA' by informing it of the issues contested on appeal; a 'generalized and

conclusory statement about the proceedings before the IJ' does not suffice."

(quoting *Toquero v. INS*, 956 F.2d 193, 195 (9th Cir. 1992))). Thus, the BIA did

not abuse its discretion in denying Petitioners' motion for reconsideration.

2. "[A] motion to reopen may only be granted upon a proffer of material

evidence that 'was not available and could not have been discovered or presented

at the former hearing.'" *Iturribarria*, 321 F.3d at 895 (citing 8 C.F.R. § 3.2).

Petitioners seek to reopen for lack of notice of the briefing schedule.

Parties in immigration proceedings are required to electronically file through

the Executive Office of Immigration Review Case Portal ("EOIR Case Portal").

8 C.F.R. § 1003.2(g)(4); *see* Executive Office for Immigration Review Electronic

Case Access and Filing, 86 Fed. Reg. 70708, 70741–42 (Dec. 13, 2021) (effective

Feb. 11, 2022). Under the regulation, a briefing schedule is available on the EOIR

Case Portal, and the parties are sent an electronic notification of the document.

*See* 8 C.F.R. § 1003.3(g)(6)(i)-(ii). Notice that was properly sent is presumed

delivered to the recipient. *See id.* A party seeking to reopen has the burden of

rebutting this presumption. *See Matter of M-R-A-*, 24 I&N Dec. 665, 673 (BIA

2008).

Petitioners' counsel filed an affidavit from his legal assistant stating that the

notification had gone to the office's spam folder. But counsel does not dispute that

the briefing schedule was available in the EOIR Case Portal and that the parties

were sent an electronic notification of the document via email. Counsel also does not offer any evidence as to the efforts him or his staff made to properly monitor incoming electronic mail. *See* 86 Fed. Reg. at 70710 ("In general, representatives should vigilantly monitor their email inboxes, including any spam folders, for service notifications from EOIR, just as a person would for any important email communication."). Petitioners, therefore, were properly served with the briefing schedule and provided an opportunity to file a brief.

*See* 8 C.F.R. § 1003.3(g)(6)(ii); *Matter of John Arciniegas-Patino, et al., Respondents*, 28 I. & N. Dec. 883, 886 (BIA 2025). Because Petitioners did not file a brief within the time provided, the BIA did not abuse its discretion in denying Petitioners' motion to reopen.[1]

**PETITION DENIED.**[2]

---

[1] Petitioners did not raise a claim of ineffective assistance of counsel in their motion to reopen. *See Matter of Melgar*, 28 I. & N. Dec. 169 (BIA 2020).

[2] The stay of removal will dissolve upon the issuance of the mandate. The motion for stay of removal, Dkt. 2, is otherwise denied.